**Matilda Moss, Plaintiff-Appellant, v. John Wagner, Defendant-Appellee.**

**Gen. No. 48,606.**

First District, First Division.

June 4, 1962.

Rehearing denied June 20, 1962.

Thompson, Lewin & Rafferty, of Chicago (Robert J. Rafferty, of counsel), for appellant.

Pratt & Warvel, of Chicago (Ezra L. D'Isa, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury action, in which the jury returned a $19,000 verdict in favor of plaintiff, Matilda Moss, on which judgment was entered. Subsequently the trial court sustained defendant John Wagner's motion for judgment notwithstanding the verdict, and judgment was entered for the defendant and against the plaintiff. Defendant's alternative motion for a new trial was denied. Plaintiff appeals.

■ ■ Defendant's motion for judgment notwithstanding the verdict presented the single question whether there was, in the record, any evidence which, standing alone and taken with all its intendments most favorable to plaintiff, tended to prove the material elements of her case. Evidence favorable to plaintiff's case was all that could be considered by

the trial court in this inquiry. If there was a total failure to prove one or more of the essential elements of plaintiff's case, specifically, as contended by defendant, due care on her part or negligence on the part of the defendant, the motion was properly sustained. Osborn v. Leuffgen, 381 Ill 295, 296, 45 NE2d 622 (1942); Tidholm v. Tidholm, 391 Ill 19, 24, 62 NE 2d 473 (1945); Tucker v. New York Cent. & St. L. R. Co., 12 Ill2d 532, 534, 147 NE2d 376 (1958).

It is plaintiff's theory that there was ample evidence to support the verdict and judgment for plaintiff. The record shows that on June 27, 1953, at about 9:30 in the morning, plaintiff was injured in an intersectional collision within the city limits of Marengo, Illinois. It was a clear day, and the pavement was dry. Plaintiff was operating her automobile in an easterly direction on Grant Highway, a preferred highway, which ran in an easterly and westerly direction. In the intersection of East Street, a street running northwesterly and southeasterly, plaintiff's automobile collided with defendant's automobile, which had entered the intersection from the north. Grant Highway, also known as Route 20, is between 42 and 44 feet in width. It has a dividing line down the center. East Street is a narrower street and joins Grant Highway at an angle and widens out to about 40 feet at that point. There is a stop sign on East Street, set back about 20 to 25 feet from Route 20. There is no stop sign requiring traffic on Route 20 to stop for East Street.

East Street, where it intersects Route 20, is described as a "T" intersection. About 100 to 150 feet west of this intersection is another "T" intersection, being the intersection of Elm Street and Route 20. Elm Street comes into Route 20 from the south and stops at Route 20.

88

There were two occurrence witnesses, plaintiff and a bystanding neighbor. Defendant did not testify in his own defense and was not called by plaintiff as an adverse witness. The record contains photographs of the intersection, of plaintiff's automobile, and of the telephone pole struck by plaintiff's car.

The bystander testified that he noticed a car coming from the west and a car coming from the north, and they had a collision. He did not observe whether the car coming off East Street stopped for the stop sign or not. When he saw the cars they were already out into the intersection.

Plaintiff testified that, as she approached Elm Street, she looked to her right to see what traffic might be coming from that direction, and slowed down to be sure that an approaching car on Elm Street would stop before entering Route 20. She then looked to her left at East Street and could see 75 to 80 feet up East Street. She saw nothing on East Street and no car at the stop sign. At this time she was about 100 to 150 feet west of East Street.

Plaintiff continued on Route 20 in an easterly direction. She was in the outside lane next to the curb, going about 20 miles per hour. There were children about, and she was looking straight ahead, concentrating on her side of the road. She observed a cattle truck traveling in a westerly direction in the north lane of Route 20, which was about 100 feet from her car at the time of the collision.

As plaintiff entered that "portion of U.S. 20 that East Street would intersect," she again looked up East Street, and "at that time I saw a car and he was coming across the center line of 20." By that time her vehicle was in the center of East Street, and the other car was practically on top of her. She stepped on the brake as hard as she could, but in that

instant defendant hit her left front fender and wheel. Both cars were in motion at the time of the collision, and plaintiff's car went over the curb about 60 or 75 feet from the point of impact and hit a tree and a telephone pole.

 A necessary element of plaintiff's case was proof of negligence on the part of defendant. Plaintiff's proof shows a collision of two cars. There is no evidence in the record of what defendant did immediately before the collision. Negligence is a positive wrong, and the burden of proving defendant's negligence was upon plaintiff. It was not defendant's burden to disprove negligence. The mere happening of an accident does not, of itself, raise any presumption of negligence on the part of defendant. Brown v. Boyles, 27 Ill App2d 114, 124, 125, 169 NE2d 273 (1960).

In the absence of direct evidence of what defendant did immediately before the collision, plaintiff argues that "somehow the defendant's car managed to collide with her car at the intersection and the conclusion is inescapable that during the time the Moss car was covering the 100 to 150 feet just mentioned, the Wagner car covered the 75 to 80 feet down East Street, failed to stop at the intersection and ran into the Moss car." Using the presumption that defendant failed to stop at the intersection, plaintiff cites cases which outline the duty of a motorist approaching or entering a preferred highway. In view of our determination, these cases are not in point.

██ ██ As contended by defendant, neither conjecture nor speculation will sustain a charge of negligence. Negligence is always a question of fact that must be alleged and proved as averred. It cannot be supported by mere conjecture or surmise but must be made referrable to some specific cause or defect. Kelly v. Fox, 318 Ill App 481, 488, 48 NE2d 592 (1943).

90

■ What defendant did or did not do prior to the collision is completely unanswered. His speed approaching the intersection; whether he stopped for the stop sign; if so, where and for how long; his speed entering the intersection; the length of time he was in the intersection, are all left completely to speculation and conjecture. This will not sustain a charge of negligence. To warrant an assessment of damages, the law requires affirmative and positive proof of actionable negligence as the proximate cause of the injury suffered. Withey v. Illinois Power Co., 32 Ill App 2d 163, 170, 177 NE2d 254 (1961).

■ We believe, as a matter of law, plaintiff totally failed to prove an essential element of her case—negligence on the part of defendant. Therefore, the court properly sustained defendant's motion for judgment notwithstanding the verdict.

For the reasons stated, and as no other points need be decided, the order and judgment appealed from are affirmed.

Affirmed.

ENGLISH, J., concurs.

BURMAN, J., dissenting.

I do not join in the view that, upon a consideration of all the evidence, together with all reasonable inferences legitimately arising therefrom and viewed in its aspect most favorable to plaintiff, there has been a total failure of proof that defendant was negligent.

The pleadings established that plaintiff was proceeding easterly upon East Grant Highway, a through street, while defendant approached in a southeasterly direction on East Street, a secondary street upon which traffic was required to stop before entering East Grant Highway.

91

Plaintiff testified that when she was approximately 100 to 150 feet from the East Street intersection she looked for approaching traffic on East Street. On the 75 to 80 feet of East Street that were visible to her she saw no vehicles at that time. She was then travelling about 20 miles per hour in the lane next to the curb. She proceeded, concentrating on her side of the road and looking for children in the area, and as she reached the East Street intersection she again looked up East Street and for the first time saw defendant's car. The approaching vehicle, at that moment practically on top of her, instantaneously struck her left front fender and wheel causing her to veer over the curb into a tree and telephone pole.

Defendant did not testify and called no witnesses in his behalf. His evidence consisted solely of two pictures of each damaged vehicle.

The evidence firmly established that plaintiff was exercising due care for her own safety and for the safety of others immediately prior to the collision. She was proceeding on a through street at a reasonable rate of speed, keeping a watchful lookout, when she was struck without warning by defendant's automobile. Though a party travelling on a preferential highway does not have an absolute right of way (Pennington v. McLean, 16 Ill2d 577, 158 NE2d 624) it is nonetheless true that plaintiff had the right to expect that defendant would stop at the stop sign and yield the right of way as required by law. (Thomas v. Buchanan, 357 Ill 270, 192 NE 215; Thomas v. Smith, 11 Ill App2d 310, 137 NE2d 117.)

Negligence may be proven by evidence largely or entirely circumstantial in nature. (Thomas v. Smith, 11 Ill App2d 310, 316, 137 NE2d 117.) It seems to me that, from the same evidence which established plaintiff's exercise of due care, the jury reasonably could have inferred that defendant, of necessity, failed

to exercise due care. In other words, I do not think that the jury, confronted with evidence of plaintiff's due care, but lacking direct and positive evidence of defendant's negligence, was compelled to conclude that the collision was "unavoidable," unaccountable, or in some way caused by totally non-negligent conduct. Rather, from inferences that reasonably could be drawn from the facts and circumstances in evidence, and through a process of logical deduction, it was possible for the jury to conclude that defendant failed to make the required stop at the intersection or failed to yield the right of way to plaintiff. Hence defendant's negligence presented a question of fact, and not one of law as such it became when the trial court granted defendant a judgment notwithstanding the verdict. In the Smith case cited above, under circumstances similar to those at bar, the Appellate Court said, at page 319:

> The condition of the automobiles, showing where they collided with each other, the fact that this was a through highway on which the plaintiffs were riding, the presence of signs requiring the defendants to stop before entering the intersection, all are mute witnesses and present questions of fact for the jury to resolve and determine as to just how the collision occurred.

I find, therefore, that the entry of judgment for defendant notwithstanding the verdict was erroneous. The defendant's motion for a new trial having been denied and no cross-appeal taken, the judgment of the trial court should be reversed. Janjanin v. Indiana Harbor Belt R. Co., 343 Ill App 491, 99 NE2d 578.