(No. 37391.—

MATILDA Moss, Appellant, *vs.* JOHN WAGNER, Appellee.

*Opinion filed March 27, 1963.—Rehearing denied May 29, 1963.*

552

THOMPSON & LEWIN, of Chicago, and JOSLYN, PARKER, KELL & CONERTY, of Woodstock, (PERCIVAL THOMPSON and CHARLES S. PARKER, of counsel,) for appellant.

PRATT & WARVEL, of Chicago, (CHARLES J. PRATT and EZRA L. D'ISA, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a suit for damages for personal injuries sustained by the plaintiff in a car accident claimed to have been caused by the defendant's negligence. The jury awarded the plaintiff $19,000, but the trial court, pursuant to defendant's motion, entered judgment for the defendant notwithstanding the verdict. Defendant's alternative motion for a new trial was denied. The Appellate Court affirmed the judgment for the defendant, (36 Ill. App. 2d 86) and we granted leave to appeal.

About 9:30 A.M. on June 27, 1953, the plaintiff was driving east on East Grant Highway, which was also U.S. Route 20, through Marengo, Illinois. It was a clear sunny day and the pavement was dry. East Grant Highway was 42 to 44 feet in width with two lanes for east-bound traffic and two lanes for west-bound traffic. It was intersected at an angle from the northwest by East Street so as to form a so-called "T" intersection. Route 20 traffic was protected from traffic entering from East Street by a stop sign. There was no stop sign requiring traffic on Route 20 to stop for East Street. Approximately 100 to 150 feet west of the East Street intersection Elm Street came into Route 20 from the south and formed another "T" intersection.

Plaintiff testified that as she approached Elm Street she looked to her right and observed a car approaching the intersection. Although a stop sign at Elm Street directed traffic on that street to stop before entering U.S. 20, she stated that she nevertheless slowed down to be sure that that car would stop. She then looked to her left to East Street and could see 75 to 80 feet up East Street, but saw nothing in that area and saw no car at the stop sign. A brick house located at the northwest corner of the intersection prevented her from seeing any further up East Street. At this time, she was about 100 to 150 feet from the intersection.

Plaintiff continued on in an easterly direction and was in the outside lane next to the curb going 20 miles per hour. It was a Saturday morning, there were children about and she was looking straight ahead concentrating on her side of the road. She observed a cattle truck traveling in a westerly direction in the north lane of Route 20 which was probably 100 feet from her car at the time of the collision.

As the plaintiff arrived at that portion of Route 20 that East Street would intersect she again looked up East Street and at that time she saw a car coming across the center line. By that time her vehicle was in the center of the intersection and the other car was practically on top of her. She stepped on the brake but at that instant the defendant's vehicle hit her left front fender and wheel. Plaintiff testified that she did not hear the other vehicle blow its horn before the collision. The defendant's car was damaged on the right side and front. Both cars were in motion at the time of the collision.

After the impact, plaintiff lost consciousness and did not know what happened until a police officer assisted her out of her car. Her car went over the curb about 60 or 75 feet from the point of impact and hit a tree and a telephone pole.

A neighbor standing nearby testified that he saw the collision, but did not observe if the defendant stopped at the stop sign before entering Route 20. The cars were already in the intersection when he looked up.

The defendant's evidence consisted only of four photographs, two of plaintiff's automobile and two of the telephone pole struck by plaintiff's car after the collision. Defendant did not take the witness stand himself or present any witness in his own behalf or in contradiction of the above stated facts.

The only question that is raised by the defendant's motion for judgment notwithstanding the verdict is

whether there is any evidence which, taken in its aspects most favorable to the plaintiff, proved or tended to prove the cause of action. (*Berg* v. *New York Central R.R. Co.* 391 Ill. 52.) Applying this rule the Appellate Court held that "as a matter of law, plaintiff totally failed to prove an essential element of her case," the negligence on the part of the defendant.

The mere happening of an accident does not of itself raise any presumption of negligence on the part of the defendant. (*Brown* v. *Boyles*, 27 Ill. App. 2d 114; *Rotche* v. *Buick Motor Co.* 358 Ill. 507.) However, the evidence without contradiction discloses that at the time of the collision the plaintiff was traveling easterly at a rate of 20 miles per hour on Route 20, a through highway. When she, in her car, was within 100 to 150 feet from the intersection of East Street and Route 20 she looked up East Street and there were no cars visible on said street. At that time she was within 75 to 80 feet of a stop sign located on East Street near the intersection. Within a few seconds that it took the plaintiff to reach the intersection, the defendant had also arrived there and pulled into Route 20 and collided with the plaintiff's car.

In our opinion, this evidence is clearly adequate to present a factual question as to whether the defendant did keep a proper lookout for through traffic and should have yielded the right of way to said traffic. The defendant states that, based upon the evidence presented, his car when it entered Route 20 must have passed in front of the cattle truck that was headed westerly and, according to the plaintiff, was at the time of the collision 100 feet from the intersection. Thus the defendant attempted to enter Route 20 at a time when both the plaintiff and the cattle truck were approaching the intersection from opposite directions, both within 100 or 150 feet of the intersection. Furthermore, the plaintiff was in the far right-hand lane

of a four-lane street traveling at a speed of 20 miles per hour. It would seem that if the defendant had been exercising due care as he entered the intersection, he would have noticed the plaintiff and utilized the inner lane rather than hitting the side of her vehicle.

Sufficient evidence was introduced so as to present a question of fact for the jury as to whether the defendant drove his car into the intersection without properly observing the through traffic and yielding the right of way to the plaintiff who was traveling on the protected street. This was substantive evidence of negligence and if there were any facts that would justify the defendant's conduct it was incumbent upon him to present them. Therefore, the Appellate Court erred in affirming the judgment for the defendant on this ground.

The defendant in his motion for a judgment notwithstanding the verdict, in addition to contending that there was insufficient evidence as to his negligence, also asserted that the evidence proved the plaintiff to have been guilty of contributory negligence as a matter of law. The trial court's order allowing the defendant's motion did not specify the grounds therefor and presumably it could have been for both reasons. The Appellate Court, however, in holding that plaintiff failed to prove the defendant's negligence did not decide the question of contributory negligence and expressly declined to do so. This cause must, therefore, be remanded to the Appellate Court for the purpose of considering the defendant's further contention that the evidence established plaintiff's contributory negligence as a matter of law. (*Canadian Radium & Uranium Corp.* v. *Indemnity Ins. Co. of North America*, 411 Ill. 325.) In the event the Appellate Court should decide that issue in favor of the plaintiff, the trial court's denial of the defendant's alternative motion for a new trial should then be reviewed (Ill. Rev. Stat. 1961, chap. 110, sec. 68.1) unless the defendant by failing to present this point when

originally before the Appellate Court has waived any objection thereto. *Millikin Nat. Bank* v. *Shellabarger Grain Products Co.* 389 Ill. 196.

*Reversed and remanded.*