**Tenis Fosen, Plaintiff-Appellant, v. The Odell Grain & Coal Company, Defendant-Appellee.**

Gen. No. 10,681.

Fourth District.

May 9, 1966.

Rehearing denied June 20, 1966.

Fellheimer & Vicars, of Pontiac, and Irving Goodman, of Chicago, for appellant.

Smith & Satter, of Pontiac, for appellee.

CRAVEN, J.

The plaintiff's hand was injured in an auger being used in the process of unloading corn at a storage facility of the defendant, Odell Grain and Coal Company. At the time of the injury, plaintiff was delivering corn of a neighbor with whom the plaintiff exchanged labor.

On the date of the injury, while unloading the corn, using an auger belonging to the defendant, the plaintiff reached into the corn hopper surrounding the auger in order to keep some corn from spilling out of the hopper and, in the process, his hand was caught in the auger. No safety guard was on the auger. A jury trial resulted in a verdict for the plaintiff with damages fixed at $7,500. There is no controversy as to the damages.

The trial court entered judgment for the defendant notwithstanding the verdict, and this appeal is from that judgment.

The trial court assigned no reasons for its action, although the motion for judgment notwithstanding the verdict asserted three possible grounds for the obtained relief—that the defendant was not negligent, that the plaintiff was guilty of contributory negligence, or that the doctrine of "assumption of risk" bars recovery.

██ Assumption of risk was urged by the defendant as an affirmative defense to the action. This affirmative defense was stricken on motion of the plaintiff. This action by the trial court was not error.

██ In Hall v. Gerdes, 68 Ill App2d 119, 215 NE2d 8 (1966), it was held that the doctrine of assumption of the risk is applicable only to cases arising between master and servant and we there referred to the case of Hensley v. Hensley, 62 Ill App2d 252, 210 NE2d 568 (1965). Hensley has an extended discussion of the ap-

plication of assumption of risk. It is clear here that there was not in existence a master-and-servant relationship.

■ ■ In considering the other two urged grounds for judgment notwithstanding the verdict, we are mindful of the well-established rule that a motion for judgment notwithstanding the verdict raises only the question of whether there is any evidence which, taken in its aspects most favorable to the plaintiff, proved or tended to prove a cause of action. Moss v. Wagner, 27 Ill 2d 551, 190 NE2d 305 (1963). Neither this court nor the trial court, in passing upon the motion, can weigh the evidence or pass upon the credibility of witnesses. Ferguson v. Lounsberry, 58 Ill App2d 456, 207 NE2d 309 (1965), and cases there cited.

The evidence in this case shows that the plaintiff, at the time of the injury, was a customer or invitee of the defendant, and indeed the plaintiff was characterized by the manager of the defendant grain company as a regular customer at the time of the injury and as a person who has been a good customer since that time. We deem it unnecessary to recite in lengthy detail the testimony as to the use and operation of the auger.

It can be described as a grain auger for loading grain in storage bins, with a metal hopper, and surrounding the metal hopper a tarp or canvas for catching any grain that might spill from the hopper. On the particular date of the injury, the auger was apparently in an elevated position and in a diagonal, rather than a horizontal, placement. The exposed portion of the auger was covered by the corn in the hopper and was about six inches below the surface of the corn. The evidence is, further, that the plaintiff was generally familiar with this auger but not specifically familiar with its placement and elevation on the date of the injury. The evidence shows that the defendant had only one employee working with

the loading at the time of the injury here involved; whereas, on other occasions, two employees were involved. No warning as to the danger was given to the plaintiff by the defendant.

■ We have not considered the conflicting testimony with reference to custom and usage as to safety guards on augers or the type of augers generally in use, for the reason that,

> "A custom or usage cannot alter or change the standard of conduct required by law, and the fact that a thing is done in the usual way does not furnish excuse for a failure to exercise proper care or for negligent conduct. . . ." 28 ILP Negligence sec 26. (Citations omitted.) Ferguson v. Lounsberry, 58 Ill App2d 456, 207 NE2d 309 (1965); Garrett v. S. N. Nielsen Co., 49 Ill App2d 422, 200 NE2d 81 (1964).

■ In view of this state of the evidence, we are of the opinion that the question of whether the defendant was negligent in failure to cover the exposed part of the auger, or failure to warn the plaintiff, was a question of fact for the jury. Inasmuch as we can be concerned only with the narrow question of whether there is any evidence to sustain the verdict of the jury, we must conclude that if the action of the trial court in entering judgment for the defendant notwithstanding the verdict was based upon a conclusion that there was no evidence tending to prove the defendant's negligence, such action was in error.

■ Our remarks with respect to the sufficiency of the plaintiff's proof as to the defendant's negligence are equally applicable to the remaining point, that plaintiff was guilty of contributory negligence as a matter of law. There is no suggestion in this record that the plaintiff knew, or should have known, of the dangerousness of the auger by reason of its particular placement in the elevat-

ed position. The evidence is not sufficient to conclude that the plaintiff, knowing of the danger, persisted in a negligent course of conduct, as in Ferguson. Rather, the question of whether the plaintiff was contributorily negligent was a question of fact on this evidence, and not action that can be characterized as contributory negligence as a matter of law. See Bartolomucci v. Clarke, 60 Ill App2d 229, 208 NE2d 616 (1965); Piper v. Lamb, 27 Ill App2d 99, 169 NE2d 164 (1960), and cases there cited.

This record does not sustain the entry of a judgment notwithstanding the verdict either because of the absence of negligence on the part of the defendant or the presence of contributory negligence as a matter of law on the part of the plaintiff. It follows, therefore, that the action of the trial court in granting judgment notwithstanding the verdict was error, and that judgment is reversed. The cause is remanded to the circuit court of Livingston County with directions to enter judgment upon the verdict.

Reversed and remanded with directions.

TRAPP, P. J. and SMITH, J., concur.