**Blanche Ferguson, et al., Plaintiffs-Appellants, v. Edwin Zeman, et al., Defendants-Appellees.**

**Gen. No. 52,115.**

First District, First Division.

April 21, 1969.

Samuel A. LaSusa, of Chicago, for appellants.

Vogel & Vogel, of Chicago (Robert C. Vogel and Conrad F. Floeter, of counsel), for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is a personal injury action in which the plaintiffs appeal from a judgment entered on a verdict for the defendants. The trial court directed a verdict on the motion of the defendants, Edwin and Robert L. Zeman, at the conclusion of the plaintiffs' case.

The record reveals that about 9:50 a. m. on September 26, 1959, Blanche Ferguson was driving in a westerly direction on Foster Avenue. She and the other two women plaintiffs were bound for work. Mrs. Ferguson stated that she travelled on Foster every day on her way to work and that she was often accompanied by the other two plaintiffs. Mrs. Ferguson also stated that though the weather was inclement (it was raining) the traffic was not too heavy and visibility was good at the time of the accident.

Mrs. Ferguson testified that as she approached Winthrop Avenue she was travelling 25 miles per hour. Traffic on Winthrop Avenue, she said, is controlled by stop signs when it crosses Foster Avenue. When she was two car lengths from the intersection of Foster and Winthrop, Mrs. Ferguson observed a southbound car on Winthrop. She said that when "I got near Winthrop, a lady cut across. It was a stop sign, but she didn't stop, and she cut across in front of me, and to avoid hitting her I slowed down on my brakes. . . ." Mrs. Ferguson's efforts to

avoid the car cutting in front of her were successful and her car never came in contact with the car whose driver had just run the stop sign. The next thing Mrs. Ferguson said she noticed after she had slowed down "was a bang in the back of the car." When she got out of her car, Mrs. Ferguson testified, Edwin Zeman, the driver of the automobile that had just struck hers,[1] asked "are you hurt" and when she said she was, he said "I'm sorry it happened. He was driving too close to me to stop at that particular time!" She observed that the rear of her car was very badly damaged and that the front of Zeman's car was so demolished that he could not drive it away. She and her passengers were taken to a hospital.

On cross-examination Mrs. Ferguson said that when the southbound car passed in front of her she slowed down to 5 miles per hour, that from the time she saw the car and felt the impact she had travelled about 3 or 4 feet and that at the time of impact her car was partly in the intersection. She also stated that after Zeman's car bumped her car, almost immediately it bumped hers again. The second collision was the result of a third car, driven by Mr. Greenwood, colliding with Mr. Zeman's car, which in turn struck the plaintiff's automobile. (The defendants Glenn Greenwood and Harold Greenwood were dismissed by stipulation of the parties and are not involved in this appeal.)

Irene Gilbert, coplaintiff, testified that she sat in front with Mrs. Ferguson and that Elease Travis, the third person in the car, was sitting in the rear seat. She testified that Mrs. Ferguson slowed her car to avoid hitting a car going south on Winthrop when Zeman's car hit them in the rear. Mrs. Travis testified that she was reading a paper and that the first indication she had that anything unusual was happening was when Zeman's car hit them.

---

[1] The defendants' answer to the complaint admitted that defendant Edwin Zeman was driving the vehicle, owned by defendant Robert Zeman, that struck the Ferguson car from the rear.

The plaintiffs' complaint charged the defendants, in part, with failure to maintain a reasonable and careful lookout; carelessly and negligently causing a collision with Mrs. Ferguson's automobile; failure to stop when danger to the plaintiffs was imminent; and failure to maintain a safe distance behind plaintiffs' automobile.

■ The sole question on appeal is whether the trial court erred in directing a verdict for the defendants at the close of plaintiffs' case. Verdicts ought to be directed only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, together with all reasonable inferences to be drawn therefrom, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. Larson v. Harris, 38 Ill2d 436, 231 NE2d 421; Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504.

It is the defendants' contention that the court properly directed a verdict for the defendants, at the close of plaintiffs' proof, because the plaintiffs failed to sustain their burden of proof. The defendants argue that there was no evidence or testimony regarding the conduct or the operation of the vehicle of the defendants as to lookout, speed, brakes, or safe distance.

■ We must agree with the defendants that the burden is upon the plaintiffs to prove by competent evidence, direct or circumstantial, that the defendants were guilty of negligence; the mere fact that an accident resulting in an injury to a person or in damage to property has occurred does not authorize a presumption or inference that the defendants were negligent. Rotche v. Buick Motor Co., 358 Ill 507, 193 NE 529. However, in Illinois, a driver approaching from the rear has a duty to keep a safe lookout and use every reasonable precaution to avoid a collision with the car ahead. He must take into account the prospect of being required to stop his car suddenly, particularly when approaching a street

crossing. Barnash v. Rubovits, 46 Ill App2d 409, 197 NE 2d 134. Indeed, it has been held that the driver of an automobile who does not maintain a proper lookout for traffic ahead is negligent. Conner v. McGrew, 32 Ill App 2d 214, 177 NE2d 417.

■ Applying these rules to the present appeal, we are of the opinion that the trial court improperly directed a verdict for the defendants. The evidence most favorable to the plaintiffs and without contradiction shows that Mrs. Ferguson applied her brakes to decrease the speed of her car in order to avoid striking another car crossing in front of her and which had gone through a stop sign. She had sufficient control of her car to avoid colliding with this vehicle. The defendant who was driving behind her was unable to stop his car and avoid striking the plaintiffs' car. In our opinion, if no other evidence is offered, the jury could find from the evidence together with all reasonable inferences drawn therefrom that the defendants were negligently following too closely and failed to keep a proper lookout.

The following two cases reinforce our belief that the trial court erred by directing a verdict for the defendants: Moss v. Wagner, 27 Ill2d 551, 190 NE2d 305; Sughero v. Jewel Tea Co., 66 Ill App2d 353, 214 NE2d 512 affd 37 Ill2d 240, 226 NE2d 28. In Moss the plaintiff testified that by the time her vehicle was in the center of the intersection the other car was practically on top of her. The Supreme Court in reversing a judgment for the defendant notwithstanding the verdict stated that sufficient evidence was introduced to present a question of fact for the jury as to whether the defendant drove his car into the intersection without properly observing the through traffic and without yielding the right of way to the plaintiff who was travelling on a protected street. The defendant did not take the witness stand himself or present any witness in his own behalf or in contradiction

to plaintiff's testimony. There too there was no evidence of what the defendant did immediately before the collision. The Court held, as we do here, that there was substantive evidence of negligence "and *if there were any facts that would justify the defendant's conduct it was incumbent upon him to present them.*" Moss v. Wagner, 27 Ill2d 551, 556, 190 NE2d 305, 307 (emphasis ours).

In the second case, Sughero v. Jewel Tea Co., we upheld a directed verdict on the issue of liability. There the defendant's truck driver applied his brakes because cars in front of him stopped abruptly. He skidded on wet asphalt into plaintiff's lane causing a collision. We adopted the conclusion in Murphy v. Kumler, 344 Ill App 287, 100 NE2d 660, which stated that:

> Certainly it is not incumbent upon the plaintiff to show conclusively why the defendant was on the wrong side of the road or the exact cause of the skid. Only on rare instances would that knowledge be possessed by the plaintiff. . . . In a collision such as this, where one of the cars is on the wrong side of the highway and out of control, certainly it is the duty of the defendant to show that he was in that situation because of some particular reason other than his own negligence.

Sughero v. Jewel Tea Co., 66 Ill App2d 353, 362–363, 214 NE2d 512, 517. We can discover no good reason why the above rule should not apply to the instant case.

In the circumstances in the case at bar, it is not incumbent upon the plaintiffs to show conclusively why the defendants' automobile struck their car in the rear. Only on rare instances will that knowledge be possessed by the plaintiff. We hold that there was adequate evidence to present a factual question to the jury. It was improper for the trial judge to take the case away from the jury and direct a verdict for the defendant.

The judgment of the Circuit Court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ADESKO, P. J. and MURPHY, J., concur.