Agnes Barnash, Plaintiff-Appellant, v. Charles A. Rubovits, et al., Defendants-Appellees, and Carol A. Wallace, et al., Defendants.

### Gen. No. 49,156.

First District, Third Division.
February 27, 1964.

Louis P. Yangas, of Chicago, for appellant.

Herbert L. Caplan, of Chicago (Robert G. Johnston, of counsel), for appellee, Rubovits. Francis T. Delaney, of Chicago, for appellee, Leseur. Querrey, Harrow, Gulanick & Kennedy, of Chicago (Joseph Harrow, of counsel), for appellee, Monegato. Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann and D. Kendall Griffith, of counsel), for appellee, Martell.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff sued seven defendants in a personal injury action. The defendants-appellees moved for summary judgment. The court allowed their motions, entered judgment accordingly, and found no just reason for delaying appeal. Ill Rev Stats, c 110, § 50(2) (1963).

On Sunday, August 7, 1960, at 8:30 p. m., plaintiff's husband Harold E. Barnash was driving his car southeast toward Chicago on the Northwest Tollway, which at that point has a median strip and two lanes on either side. Plaintiff was seated in the front seat. Her stepson was seated in the back. Barnash was driving in the inner lane at fifty to fifty-five miles an hour, passing cars in the right lane. He was following a car driven by John P. Hughes, a nonappellee defendant. Ahead of Hughes in the inner lane were the cars of the other defendants in the following order: Rubovits, Leseur, Wallace, John Monegato (driven by his

son, nonappellee-defendant Angelo Monegato) and Martell. Hughes' car suddenly left the inner lane and entered the median strip, revealing to Barnash a string of stopped cars operated by the defendants driving ahead of Hughes. Barnash endeavored to stop, but crashed into the auto which had been in front of the Hughes car and which was driven by defendant-appellee Rubovits. Barnash was killed and plaintiff was seriously injured.

Plaintiff's case rests on construction of a rule of the Illinois Toll Road Commission which prohibits parking, standing or stopping on a tollway "except in emergencies, in which case the vehicle shall be driven . . . off the traveled portion of the road. . . ." (Article 2, § 2.12, Rules and Regulations of the Illinois State Toll Highway Commission for Northern Illinois Toll Highways.) Plaintiff's attorney argues there was an absolute duty on the part of the defendants-appellees to drive their cars onto the median strip immediately upon stopping, and for failure to do so, no excuse is available to them. He points to the many and varied features of tollways which make them different from ordinary highways, and argues that this has brought into being an entirely new concept as to safe driving requirements which makes his position logical and reasonable.

The rules and regulations of an administrative agency must be reasonable in nature. People ex rel. Polen v. Hoehler, 405 Ill 322, 90 NE2d 729. To decide that motorists are required under the rule to pull over to the median strip on every occasion when traffic ahead has stopped would have absurd and dangerous consequences. If all the defendants had pulled into the median strip, it would have left the plaintiff's car with an open road, but the vehicles which had pulled into the median strip with danger to themselves would sooner or later have to re-enter the stream of traffic,

with hazards for them far greater than that caused by the momentary stoppage of traffic due to congestion or a disabled vehicle. The rule construed as plaintiff seeks would be unreasonable.

██ ██ A driver approaching from the rear has a duty to keep a safe lookout and use every reasonable precaution to avoid a collision with the car ahead. He must take into account the prospect of being required to stop his car suddenly, particularly when driving in Sunday evening summer traffic. It has been held in certain instances that failure to keep this lookout is negligence. Conner v. McGrew, 32 Ill App2d 214, 177 NE2d 417; Cook v. Boothman, 24 Ill App2d 552, 165 NE2d 544, and cases there cited. Plaintiff's husband did not use such precaution. Negligence cannot be imputed to the plaintiff, but her lack of negligence is not evidence of negligence on the part of the defendants-appellees.

While plaintiff's complaint charges negligence on other grounds, her attorney in the Points and Authorities of his brief refers specifically only to the rule herein discussed. In any event, these other grounds are without merit so far as the defendants-appellees are concerned.

Judgment affirmed.

DEMPSEY and SULLIVAN, JJ., concur.