DONALD C. BURROUGHS, Plaintiff-Appellant, *v.* RICKY McGINNESS, Defendant-Appellee.

Fifth District   No. 77-435

Opinion filed August 24, 1978.

EBERSPACHER, P. J., dissenting.

Bruce N. Cook, of Hillebrand, Cook & Shevlin, Ltd., of East St. Louis, for appellant.

Stephen W. Thomson, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This appeal brought by plaintiff-appellant, Donald Burroughs, arises from a negligence action involving a rear end collision. The trial court of Madison County entered judgment on the jury verdict of not guilty returned in favor of the defendant.

The issues presented for review are: (1) whether the jury's verdict was against the manifest weight of the evidence; and (2) whether the court erred in instructing the jury.

On a dark, wet evening, November 25, 1972, at approximately 6 p.m. a 1968 Javelin driven by the defendant Ricky McGinness, age 17, with Richard Adams, age 12, riding as passenger came onto U.S. Route 40 in Collinsville, Illinois, from Illinois Route 157, which merges into Route 40. Traveling west in the right hand lane the defendant collided with the rear

end of a 1969 Buick Riviera operated by plaintiff, Donald Burroughs, with Barbara Burroughs, his wife, riding as passenger. It was stipulated that the plaintiff's injury was a result of the collision.

The defendant in his deposition, and when first examined by plaintiff's attorney at trial, contended that he did not see the plaintiff's car until he was 50-75 feet away from it. However, on cross-examination he stated that he misunderstood the question; he actually noticed the plaintiff's car when going down a hill while plaintiff's car was going around a curve ahead, but he did not start braking until he was 50-75 feet from the plaintiff's car. The defendant stated that he was traveling at 35-40 m.p.h. and he began braking because he thought the plaintiff's car was stopped. Subsequently, he stated that he did not know the car was stopped. He testified that he could see cars for one-half to three-quarters of a mile from the top of the hill on Route 157 but the curve in the road obstructed his vision to a certain extent. However, the defendant acknowledged that there were no obstructions on Route 40 near the K-Mart store where the accident occurred. The defendant stated that he saw that the plaintiff's taillights were illuminated but he did not see any brake lights or turn signal. Defendant further acknowledged that the reason he did not see the plaintiff's car and begin to brake sooner was because he was distracted by the confusion of the traffic to the left of him at the intersection of Route 157 and Route 40. He also testified on direct examination that the car he hit in the rear was approximately 100 feet from the K-Mart store's entrance.

The plaintiff, Burroughs, testified that he did not see defendant's car until after the impact. He contended that at the time of the accident he was not stopped but had slowed down to a speed of 8-10 m.p.h. because the car in front of him had its right turn signal on. He also testified that he was moving slowly because the pavement was wet and he was preparing to turn into the driveway of the K-Mart store. However, the plaintiff contended that he had not begun to make his turn onto the K-Mart driveway. Although he testified his wheels were slightly turned, he also stated that he was 25 feet from the K-Mart entrance when the accident occurred. Plaintiff believed he had his turn signal on but could not specifically remember because it was a natural reflex for him to activate his turn signal.

The plaintiff's wife, Barbara Burroughs, who was a passenger in plaintiff's car at the time of the accident, testified that it was dark out and that the lights on their car were on. She further stated that she and her husband were going to turn into the K-Mart Shopping Center; however, they had not yet turned at the time of impact. Mrs. Burroughs also testified that after the collision her husband could not move so she helped him steer the car into the K-Mart parking lot and turned the motor off.

The record reveals that an ambulance was called and Mr. Burroughs was taken to St. Elizabeth's Hospital in Granite City. Since the accident the plaintiff has had back trouble which has required and will require in the future medical treatment and expenses.

■■ The plaintiff in this appeal first contends the jury verdict is against the manifest weight of the evidence. We are aware that the jury verdict is to be given great weight. Nevertheless, when the jury returns a verdict which is not supported by the evidence it is the duty of the trial court or the reviewing court to act as a check upon the jury and reverse that verdict. (*Thomas v. Lynch* (1978), 59 Ill. App. 3d 542, 375 N.E.2d 859; *Glaze v. Owens* (1968), 104 Ill. App. 2d 172, 243 N.E.2d 13.) In light of general experience and common knowledge, the evidence before us reveals that the defendant was not attentive while driving and therefore, negligent. A driver approaching from the rear has the duty to keep a safe lookout and he must take into consideration the fact that he may be required to stop or slow his vehicle suddenly. (*Glenn v. Mosley* (1976), 39 Ill. App. 3d 172, 350 N.E.2d 219; *Apato v. Be Mac Transport Co.* (1972), 7 Ill. App. 3d 1099, 288 N.E.2d 683; *Barnash v. Rubovits* (1964), 46 Ill. App. 2d 409, 197 N.E.2d 134.) Furthermore if he does not maintain a proper lookout for traffic ahead he is negligent. *Glenn v. Mosley.*

The defendant testified that he could see the cars traveling in his lane for a distance of one-half to three-quarters of a mile, but the rain prevented him from determining if the cars were moving or stopped. The plaintiff testified that he was not stopped in the road, but rather was traveling at a speed of 8-10 m.p.h. because the driver preceeding him was turning. The defendant was traveling at a speed of 35-40 m.p.h. and acknowledged that he did not begin to brake until he was only 50-75 feet from the plaintiff's car. Since the defendant saw plaintiff's car prior to the time he began to brake, he should have determined that he was gaining unduly on the plaintiff's car and slowed his vehicle accordingly. Also, due to the weather conditions and the prospect of turning traffic in a congested area preceding the plaintiff, the defendant should have anticipated that the plaintiff was moving slowly. The defendant has a duty to travel at a speed which would have provided an adequate distance between his car and the plaintiff's car, and which would have allowed the defendant to make a safe stop when the traffic ahead of him had stopped or slowed. The defendant testified that the merging traffic to the left of him at the intersection of Routes 157 and 40 was confusing. However, he also acknowledged that he had traveled through this intersection nearly 100 times before. The defendant also admitted that prior to his braking he was talking or looking somewhere else when he should have been watching the traffic in front of him.

■■ We conclude that in light of these particular facts and the record

before us, abundant evidence established the negligence of the defendant, McGinness.

The defendant contended that the plaintiff contributed to the accident by violating the "turn signal statute" (Ill. Rev. Stat. 1973, ch. 95½, par. 11—804(b)), which in itself can be considered some evidence that plaintiff was negligent. The alleged violation of the statute was the only evidence adduced by the defendant that the plaintiff was contributorily negligent. This evidence was presented to the jury through defendant's instruction 4A, the statutory violation instruction (Illinois Pattern Jury Instructions, Civil, No. 60.01 (2d ed. 1971)), which incorporated the "turn signal statute" and stated:

> "A signal of intention to turn right when required must be given continuously during not less than 100 feet traveled by the vehicle before turning within a business district." (Ill. Rev. Stat. 1973, ch. 95½, par. 11—804(b).)
> "Any turn signal when required shall be given either by means of the hand and arm or by an electric turn signal device." (Ill. Rev. Stat. 1973, ch. 95½, par. 11—805.)
> "If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other circumstances in evidence in determining whether or not a party contributorily negligent, before and at the time of the occurrence." I.P.I. Civil No. 60.01.

■■ We find that the evidence is insufficient to support a finding of contributory negligence on the part of the plaintiff, therefore the instruction should not have been given. Contributory negligence on the plaintiff's part would require a finding that he failed to exercise ordinary care and this negligence was a proximate cause of the plaintiff's injuries. (*Garner v. Skafar* (1977), 45 Ill. App. 3d 859, 360 N.E.2d 398.) Even by assuming the plaintiff may have failed to exercise ordinary care by not revealing his intent to turn right by using his turn signal, we cannot find that such failure was a proximate cause of the collision. In other words, we cannot conclude from the evidence that had the plaintiff activated his turn signal, the accident would not have occurred.

The plaintiff, in the case at bar, testified that when he was struck in the rear of his car he was in his own lane, 25 feet from the K-Mart store's entrance, and traveling at a slow speed because the surface was wet and slippery. The car preceding him was turning and he was preparing to make his turn. The lights on plaintiff's car were on. The defendant on the other hand testified that the plaintiff was about 100 feet from the turn, which in light of the distance requirement of the statute, would tend to further weaken defendant's contention that the plaintiff's failure to signal contributed to the rear end collision.

■■ In the case at bar the plaintiff had not stopped suddenly in the road; rather, he had slowed down in order to keep a safe distance from the car preceding him. If the defendant, who acknowledged that the plaintiff had his lights on, had been making proper allowance for the circumstances of the traffic ahead he would have been able to determine his distance from plaintiff's car and slowed his car accordingly, regardless of what the plaintiff did. We find that plaintiff's actions should not have barred his recovery since the possible violation of the statute was not a proximate cause of the collision. Pursuant to this finding, we believe the giving of instruction 4A was error.

The evidence, even when viewed in its aspect most favorable to the defendant, clearly established defendant's negligence by his failure to be alert as to the traffic preceding him. This same evidence cannot support a finding that the plaintiff was contributorily negligent because of a possible violation of the turn signal statute.

■■ Because the evidence viewed in the light most favorable to the defendant so overwhelmingly favors the plaintiff that no verdict other than for the plaintiff could ever stand, the trial court should have granted the plaintiff's motion for a judgment notwithstanding the verdict. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504. See also *Thomas v. Lynch.*

For the reasons stated herein the judgment of the trial court is reversed and the cause remanded to the trial court for a new trial on the issue of plaintiff's damages only.

Reversed and remanded.

KARNS, J., concurs.

Mr. PRESIDING JUSTICE EBERSPACHER, dissenting:

The defendant-appellee neither in the trial court nor here has argued that he was not negligent in the manner so meticulously pointed out. The question in this case is not whether defendant was negligent, nor the degree of his negligence, nor the comparison of the negligence of the parties, but whether there was evidence of contributory negligence on part of the plaintiff.

Defendant testified "When I first saw the car stopped in my lane it was 50 to 75 feet away, its taillights were on. His brake lights were not lighted. His turn signals were not on, I didn't see any turn signals," and on cross-examination "I should be able to see a stopped car, or a stopping car if it had blinker lights."

Plaintiff on direct-examination testified, "I was slowing down to make my turn. I was in the process of turning or almost turning. I wasn't into the

turn. I was at that time thinking about turning. I had my wheels turned but I was still not turned," and on cross-examination "I was going to turn in the K-Mart. I believe I had my blinker on. I do not remember having my blinker on. It is a natural reflex. I believe I had my blinker on because it is what I normally do. I don't remember doing it [signaling]" and further "I don't remember turning my blinker lights on. My natural reflex is to turn it on," and "I believe I was right at the turn when I got hit yet not turning. I was within 25 feet of making my turn when I was hit going between five to eight m.p.h."

Plaintiff's wife who was a passenger in his car testified: "We were turning into K-Mart and we were struck from behind. We hadn't turned yet."

In my judgment, the determination that plaintiff was free from contributory negligence as a matter of law is wholly unwarranted. When the evidence is viewed in its aspect most favorable to defendant the evidence does not even approach being so overwhelmingly in favor of plaintiff that a verdict for defendant could never stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 292 N.E.2d 504.

Obviously, the statutory requirement of a continuous signal of intention to turn which would be visible to the rear was intended to give vehicles approaching from the rear an additional warning of the slowing down of the vehicle. Here there is evidence that plaintiff failed to give this defendant that warning required by statute; and it is as reasonable to assume that if a blinking light had been on the rear of plaintiff's car, defendant's attention would have been attracted to it and the accident would not have occurred, as it is to assume that even if the plaintiff had activated his turn signal the accident would still have occurred. Twelve jurors and a judge who heard the evidence obviously determined that there was a failure to comply with the statutory requirements, and that the failure contributed to the accident. There was no evidence that defendant could not have stopped if plaintiff's slowing or stopping had been called to his attention earlier. At any rate, whether a turn signal was given, and whether a failure to give it contributed to the accident was a proper question for the jury, and in my judgment the instruction was properly given, since it was intended to protect against this type of accident and the plaintiff is within the protected class, and there is nothing in the record to justify the conclusion that the accident would have occurred had the signal been given.

I would therefore affirm.