Edward Martin, Administrator of the Estate of Lawrence E. Tingley, Deceased, Plaintiff-Appellant, v. Oren F. Miles, Defendant-Appellee.

Gen. No. 63–F–11.

Fourth District.

May 13, 1963.

Rehearing denied May 27, 1963.

Lowenstein, Saikley and Jurczak, of Danville, for appellant.

Maurice E. Gosnell, of Gosnell & Benecki, of Lawrenceville, for appellee.

CULBERTSON, J.

This is an appeal from a judgment of the Circuit Court of Crawford County in a wrongful death action. The judgment was entered on the verdict of the jury in favor of defendant.

On appeal in this Court, plaintiff, Edward Martin, Administrator of the Estate of Lawrence E. Tingley, deceased, raises basic contentions that the question of contributory negligence became a question of law for the reason that all reasonable minds would

be compelled to reach the conclusion that there was or was not contributory negligence; that in absence of eyewitnesses other than the defendant, due care of the deceased may be inferred from testimony of careful habits; that the question of negligence of defendant became one of law for the reason that all reasonable men of fair understanding would agree that the defendant in the operation of his automobile at the time and place involved was guilty of negligence; that the verdict of the jury was clearly erroneous as being against the manifest weight of the evidence; and that also the withdrawal of a witness from the stand because he is disqualified by the Court, in the presence of the jury, would have the effect upon the jury of creating the impression that plaintiff was trying to suppress evidence.

█ The last point raised should be clearly disposed of. It is contended in this Court that the Court erred in overruling plaintiff's motion to prohibit defendant from being called as a witness, to avoid the impression which would be raised in the jurors' minds at the time objection is made as to testimony by the defendant as to matters where defendant's testimony would not be qualified under the Statute by reason of the fact that the action is a wrongful death case, and plaintiff's intestate did not survive to testify.

It is obvious that defendant could have been competent to testify concerning matters not directly relating to the accident or the injury, and as to conditions after the death of plaintiff's intestate. Plaintiff has cited the case of Roberts v. Hyland Builders Corp., 34 Ill App2d 276, 181 NE2d 197. In that case the Court, in exercise of its discretion, granted a new trial for the reason that during the trial the defendant called witnesses and interrogated them until plaintiff's attorney objected and observed that they were not

210

named in defendant's answers to plaintiff's interrogatories, as being witnesses. Similar disposition was made of other witnesses, and during the closing arguments one of the attorneys for one of the defendants stated that counsel himself had suppressed any proof on a certain subject. The determination of the Court in that case to grant a new trial was proper. That case is no precedent for the situation which arose in the instant case which involved a typical presentation of a defendant in a wrongful death case whose testimony is objected to and excluded, the exclusion of which can be and was properly covered by appropriate instruction. This is not ground for reversal.

██ The other issues presented by plaintiff on review, however, have more substance. It is obvious that the question of contributory negligence on the record before us, in fact became one of law, since a prima facie case of due care could be made upon proof of careful habits. The collision between the two automobiles which resulted in the death of Lawrence E. Tingley and Ruby M. Tingley, whose case is not involved in the action before us, occurred on October 8, 1960, at 7:45 a. m., approximately two and a half miles north of the intersection of Route 1 and the Hutsonville, Illinois, Junction. The highway was a two-lane cement highway, 22 feet in width. The pavement was wet, but it was not raining. Both automobiles, after the accident, were off the pavement, west of the highway. Defendant's automobile was 16 or 17 feet west of the highway, facing east. The decedent's vehicle was only a few inches west of the highway, facing south. Debris, consisting of broken glass, dirt, and gasoline, establishing the point of impact, was 24 feet to the south of decedent's vehicle and about 4 feet west of the paved portion of the highway. Skidmarks were observed on the pavement and measured 100 feet in length, extending northwesterly across the

211

southbound lane, and led directly to defendant's vehicle. Tiremarks of the vehicle in which plaintiff's intestate was riding were not skidmarks, but were observed on the shoulder of the highway, approximately three feet before the point of impact. There was testimony to the effect that defendant told the police officer he lost control of his car and skidded over into the path of decedent's vehicle. The only evidence of due care presented in the case was proof of careful habits of the decedent. The other evidence produced by plaintiff showed the highway condition, the weather, and the location of the automobiles after the collision. Defendant produced no evidence of contributory negligence on part of the decedent.

Defendant had submitted interrogatories, one of which was whether or not from the preponderance or greater weight of the evidence the decedent was in the exercise of ordinary care for his own safety at and immediately prior to the collision involved in the case, which the jury answered in the negative. In view of the fact that the only evidence on this subject established habits of due care, such conclusion, as a matter of law, was improper and the interrogatory should not have been submitted, since there was no question of fact on the issue of due care for the jury to decide (Lasko v. Meier, 394 Ill 71, 79, 67 NE2d 162; Hughes v. Wabash R. Co., 342 Ill App 159, 164, 95 NE2d 735).

 The jury verdict finding the issues for the defendant and against the plaintiff is obviously contrary to the manifest weight of the evidence. The record clearly establishes that the defendant's vehicle under defendant's control, skidded across the highway directly into the path of the vehicle which decedent was driving, and there were no circumstances which could account for defendant's conduct other than negligence on part of defendant. The question of negligence becomes one of law when all reasonable

men of fair understanding would agree that a party in the operation of his automobile at the time and place and under the circumstances in question, was guilty of negligence (Kocour v. Mills, 23 Ill App2d 305, 311, 162 NE2d 497), and under such circumstances this Court has the duty to reverse and remand for new trial.

This cause will, therefore, be reversed and remanded to the Circuit Court of Crawford County for a new trial.

Reversed and remanded.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.