Leslie L. Harrison, et al., Plaintiffs-Appellants,
v. Elmo J. Pullens, Defendant-Appellee.

Gen. No. 66–105.

Third District.

June 14, 1967.

William F. Nissen and Howard L. Snowden, of Quincy, for appellants.

Barash & Stoerzbach, of Galesburg, for appellee.

CORYN, J.

Plaintiffs, Leslie L. Harrison and Adeline Harrison, husband and wife, appeal from a verdict and judgment in favor of defendant, Elmo J. Pullens, in an automobile negligence case arising from an accident which occurred in midmorning of July 19, 1964, on a north-south black-top road at Stillwell, Illinois, when a vehicle owned and operated by Leslie L. Harrison collided with one being driven by defendant. The weather was hot, visibility was clear, and the twenty-two foot wide blacktop road was dry and level, and there was no other traffic in the immediate area. Mr. Harrison testified that he was operating his motor vehicle in a northerly direction, and that when he was just south of Stillwell he observed defendant's car approximately three-quarters of a mile away to the north. Mrs. Harrison was a passenger in her husband's car and was seated in the right front seat. Harrison stated that he applied his brakes immediately and swerved to the left in an attempt to avoid a collision, but failed to do so. At the time of the impact, both cars were traveling at the rate of five miles per hour or less. The right side of both cars was hit, and the accident took place in the east half or northbound lane of this blacktop road. Harrison testified that defendant did not signal for a turn when he angled from the west side to the east side of the highway. Harrison received a bruised right forearm as a result of this collision, for which he incurred a hospital bill of $63.50 and a doctor bill of $17.50. Mrs. Harrison was cut across

246

her forehead, which left a six-inch scar, and sustained fractures of several ribs on her right side, as well as other cuts and bruises. Her medical and hospital bills amounted to $1,219.34. The damage to the Harrison automobile amounted to $400. Mrs. Harrison testified that at the time of the collision she was sitting on the edge of the right front seat and was turned toward her husband. She first saw defendant's automobile when it was two-car lengths away. The impact caused her right arm and right side to hit the dash, and her head to hit the windshield. Harrison stated that he was told that the skid marks from his car were measured at fifty feet to fifty-four feet.

Pullens testified that he was traveling in a southerly direction on the blacktop road, and that when he was from 125 to 140 feet from the point of impact, he started to make a gradual angling turn from the west to the east side of the road for the purpose of stopping at a home on the east side of the highway. He stated that he cut across the road and proceeded to "straighten up" about seventy feet from the point of impact. He stated that he made a left-hand signal by pushing the arm of the electric turn signal on his automobile, and that he looked to the south when he made the left-hand signal, and again when he "straightened up" over on the east side of the road, but did not observe the plaintiff's vehicle. The first time he saw the Harrison car was when he heard tires squealing on the pavement and looked up to find it approximately twenty feet ahead of him. At the time of the impact he was traveling very slowly, and the impact occurred on the easterly half of the highway, at which time the left wheels of his car were on the east shoulder of the highway. He testified that a patrolman measured fifty-four feet of north-south skid marks from the back of the front tires of the Harrison car at the point of impact. Both Harrison and Pullens testified that they had a conversation after the accident,

247

at which time Pullens claimed he had signaled for the turn and Harrison claimed that if a signal had been made, he did not see it. Pullens testified that he had a conversation with Harrison three days after the accident in Mrs. Harrison's hospital room, and that Harrison stated at that time that he could have gone around him and avoided the accident. Harrison denies this and claims that he merely stated that the accident could have been avoided if both drivers stayed home and had not been on the highway.

■ It is argued by plaintiffs, inter alia, that neither of them was guilty of contributory negligence; that the defendant was guilty of negligence as a matter of law; that the verdict is contrary to the manifest weight of the evidence; and that the trial court erred in denying plaintiffs' motion for judgment notwithstanding the verdict. These arguments intertwine, each involving the ultimate issues of proximate cause and freedom from contributory negligence. Plaintiffs imply that the undisputed fact that defendant left his lane of traffic and gradually crossed into the lane for traffic operating in an opposite direction was in violation of chapter 95½, § 151, Ill Rev Stats (Drive on right side of roadway) and therefore constituted negligence. Proof of violation of traffic regulatory statutes, alone, is not sufficient to establish negligence sufficient to sustain liability. It must be proved that the statutory violation proximately caused the injury complained of. Hestand v. Clark, 345 Ill App 480, 103 NE2d 652; Ney v. Yellow Cab Co., 2 Ill2d 74, at 78, 117 NE2d 74. Plaintiffs cite Martin v. Miles, 41 Ill App2d 208, 190 NE2d 473, as an example of an instance where an automobile driver was found to be guilty of negligence as a matter of law for crossing the center line and colliding with another vehicle in the opposite lane of traffic. This case, however, involved a sudden skidding into the opposite lane of traffic, while in

the instant case the defendant turned his vehicle gradually, and at a slow speed into the northbound lane and was observed in so doing by Mr. Harrison when approximately 150 feet away. The evidence adduced regarding the manner of operating the Harrison and Pullens vehicles, with one exception, is undisputed. The only dispute is that Pullens claims he put on his left turn signal before starting the gradual turn into the northbound lane, and Mr. Harrison said he did not see such a signal.

■ We are of the opinion that the jury, in considering the evidence of this case, could rightfully infer that Mr. Harrison, having observed the presence of Pullens' automobile in his lane of traffic 150 feet away, and there being no other traffic on this twenty-two foot wide straight and level blacktop road, if acting as a reasonably prudent man, could have avoided this slow oncoming vehicle by stopping or turning gradually to his left, and that Mr. Harrison's failure to so act constituted the negligence which proximately caused this accident.

■ Illinois courts of review have repeatedly stated that it is not the function of judges to substitute their inferences and conclusions of fact for those drawn by the jury, unless those drawn by the jury find no support in the evidence. Unless an opposite conclusion is clearly evident, a jury's verdict should not be disturbed. Izzo v. Zera, 57 Ill App2d 263, 205 NE2d 644. "Questions which are composed of such qualities sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. The debatable quality of issues such as negligence and proximate cause, the fact that fair-minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact-finding body. The jury is the tribunal under our legal system to decide that type of issue." Ney v. Yellow Cab Co., 2 Ill2d 74, at 84, 117 NE2d 74.

We conclude that the verdict of the jury herein is founded in the evidence, and, therefore, the judgment of the Circuit Court of Hancock County is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.