JUNE E. NACVICH, Plaintiff-Appellant, *v.* JAMES H. DOWNING, Defendant-Appellee.—(STARDUST LOUNGE, INC., Defendant.)

Second District   No. 76-222

Opinion filed July 25, 1977.

William L. Balsley, of Balsley, Roper & Swanson, of Loves Park, for appellant.

Don M. Mateer, of Gilbert, Powers & Mateer, of Rockford, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Plaintiff, June E. Nacvich, was both the owner of and passenger in a van driven by defendant, James H. Downing, which crashed on November 9, 1973, at 1 a.m. in Rockford, Illinois. Plaintiff's complaint, filed in Winnebago County circuit court, alleged alternative counts of negligence and willful and wanton misconduct against the defendant, Downing, and also contained a Dramshop action against the Stardust Lounge (Stardust) for its sale of alcoholic beverages to the defendant, Downing. Subsequently, Stardust's motion for summary judgment against plaintiff was granted. The court found the plaintiff was barred from recovery against Stardust under the Dramshop Act as a matter of law, due to her voluntary participation in drinking with the defendant, Downing, on the night in question. The trial court's disposition of the summary judgment motion is not at issue in this appeal.

In addition, a jury verdict was returned in plaintiff's favor against the defendant, Downing (hereinafter called "defendant"), for $35,000. The trial court subsequently, on defendant's motion, vacated the judgment for the plaintiff and entered judgment notwithstanding the verdict in favor of the defendant. The trial court also granted defendant's motion for a new trial. Plaintiff appeals from the entry of these two orders.

Plaintiff and another passenger, Rosalind Santini, were the sole witnesses at the trial who testified concerning the accident and events leading up to the accident. Defendant was unavailable for the trial and did not testify. Plaintiff and defendant were engaged to be married at the time of the accident and when the trial took place.

Plaintiff testified to the following sequence of events at trial. On November 8, 1973, plaintiff and defendant set out for an evening together

at the Stardust Lounge in Rockford, Illinois. The plaintiff and Downing spent approximately 3½ hours at the lounge, although they were often separated from one another. The plaintiff, at trial, testified that she consumed approximately four or five drinks and the defendant had at least five or six drinks at the lounge.

When the lounge closed, the plaintiff and defendant, with five other friends, decided to continue the party at a friend's house. However, first they went to a tavern next door to purchase some beer before they embarked in plaintiff's van for the trip to their friend's house.

The plaintiff had the keys to her van in her possession when she left the lounge. It appeared to the plaintiff at this time that the defendant had had a lot to drink. Plaintiff and defendant then proceeded to have an argument over who was going to drive her van. Plaintiff questioned defendant's ability to drive, and, after he convinced her he could handle it, plaintiff allowed him to do so.

Rosalind Santini also requested that defendant not drive, because, in her opinion, he looked drunk. Santini testified further that defendant persuaded plaintiff that he was capable of driving and that "he could handle it." Plaintiff then handed defendant the keys. Santini testified that defendant proceeded to drive the van on North Main Street to John Street, traveled John Street to Church Street, took Church Street to Whitman Street. During this brief drive, defendant was traveling at approximately 35 miles per hour and appeared to be driving normally. According to Santini, defendant then began racing a Volkswagen down Whitman Street at approximately 55 miles per hour, which was in excess of the speed limit. According to Santini, the plaintiff and herself urged the defendant to slow down. The other passengers urged the defendant to continue racing, shouting, "Come on, Secretariat! " Defendant continued weaving and racing the Volkswagen at a high rate of speed, and as he approached an exit ramp, he went off the road and struck a utility pole.

Plaintiff was injured and scarred along her legs and hands. Her leg is distorted and there is some permanent disability in her knee. The extent of plaintiff's injuries, however, is not at issue in this court.

The jury's general verdict for the plaintiff does not indicate under which count of either negligence or willful and wanton misconduct their verdict was entered. In addition, special interrogatories were not submitted to the jury for findings under either count.

Plaintiff contends that this court must examine the evidence to determine whether the jury's verdict for the plaintiff was contrary to the manifest weight of the evidence under either the negligence count or the willful and wanton misconduct count. Plaintiff contends that the jury reasonably could have found (1) plaintiff's conduct free of contributory negligence and defendant's conduct in drag racing with a van full of

people to be negligent, or (2) that defendant's conduct was willful and wanton and that plaintiff's conduct was free of contributory willful and wanton misconduct.

■■ We need not consider plaintiff's contention that the jury reasonably could have found the defendant guilty of negligence and plaintiff's conduct free of contributory negligence. The general rule is that when the jury returns a general verdict without specifying upon which count of the complaint it is based, the presumption is that the jury's verdict was based upon the count of the complaint where malice was the gist. In this case, the jury had a choice of returning a verdict based on negligence or on willful and wanton misconduct, and we must presume their general verdict was based on the willful and wanton misconduct charge. *Olofsson v. Wood* (1959), 23 Ill. App. 2d 32, 161 N.E.2d 681; *Goodwin v. Lamb* (1951), 344 Ill. App. 449, 101 N.E.2d 207; *Greene v. Noonan* (1939), 372 Ill. 286, 23 N.E.2d 720.

The sole issue is whether the trial judge correctly entered judgment *n.o.v.* in defendant's favor in finding that the jury's general verdict under a willful and wanton misconduct count was clearly against the manifest weight of the evidence. The standard for determining whether a judgment *n.o.v.* was properly entered was stated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14, where the court said:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

The defendant argues that the *plaintiff* should be liable for the injuries proximately resulting from plaintiff's entrustment of an automobile to a person she knows to be intoxicated. Defendant cites *Bensman v. Reed* (1939), 299 Ill. App. 531, 8 Am. Jur. 2d *Automobiles & Highway Traffic* §576 (1963), and various non-Illinois cases in support of this position. It is not necessary, however, for this court to reach defendant's argument, because plaintiff's liability for entrusting the automobile is not at issue in this case. It is the defendant's liability for willful and wanton misconduct and the question of plaintiff's contributory willful and wanton misconduct which is at issue.

Generally, automobile negligence cases, where the issue is willful and wanton misconduct, must be decided on their individual fact situations. *Clifford v. Schaefer* (1969), 105 Ill. App. 2d 233, 245 N.E.2d 49.

■■ The evidence adduced in this matter demonstrates defendant's reckless disregard for the safety of others. The evidence clearly indicates

that defendant drag raced with a van full of people, while under the influence of alcoholic beverages, and recklessly changed lanes at speeds much in excess of the speed limit. Thus, defendant's conduct, based on the total evidence of this case, clearly could have been found by the jury to be willful and wanton misconduct. *Blitenthal v. Dressler* (1973), 18 Ill. App. 3d 751, 310 N.E.2d 733.

The issue of whether plaintiff's conduct was contributorily willful and wanton is a very difficult decision by this court. Our rationale again is guided by *Pedrick*, at page 510, in that when all the evidence is viewed in an aspect most favorable to the plaintiff, we are unable to conclude that the evidence so overwhelmingly favors the defendant that no contrary verdict based on this evidence could ever stand.

■■ Illinois courts have consistently held that it is generally a question of fact for the jury to determine whether all the circumstances of a particular case establish contributory willful and wanton misconduct on the part of a passenger. (*Hamas v. Payne* (1969), 107 Ill. App. 2d 316, 246 N.E.2d 1; *Ryg v. Brue* (1968), 91 Ill. App. 2d 229, 233 N.E.2d 761.) Indeed, it is the exceptional case where the question of contributory willful and wanton misconduct will not be a jury question. *Hatfield v. Noble* (1963), 41 Ill. App. 2d 112, 190 N.E.2d 391.

A review of Illinois decisions clearly shows the courts' willingness to submit the question of contributory willful and wanton misconduct to the jury for its determination.

In both *Hamas v. Payne* and in *Bergman v. Leitschuh* (1975), 31 Ill. App. 3d 1, 333 N.E.2d 613, the courts felt the evidence as to whether a guest passenger's voluntary participation in drinking with the driver constituted contributory willful and wanton misconduct was a question of fact for the jury.

In *Terrill v. Andrlik* (1970), 119 Ill. App. 2d 374, 256 N.E.2d 48, the court found that the question of whether an owner-passenger's conduct in warning the driver of an impending danger freed her of contributory willful and wanton misconduct was for the jury to determine.

In *Ryg v. Brue*, the question of whether a passenger's voluntary subjection of himself to the perils of riding with a fellow drinking participant constituted contributory willful and wanton misconduct was a question of fact for the jury.

Also, the question of whether a passenger was a willing party to a drag race and was guilty of contributory willful and wanton misconduct was found to be a question of fact in *Lessen v. Allison* (1960), 25 Ill. App. 2d 395, 166 N.E.2d 806.

In *Schultz v. Stephan* (1956), 8 Ill. App. 2d 563, 132 N.E.2d 30, it was a question for the jury whether the evidence adequately demonstrated that

plaintiff protested and warned the defendant to "slow down" with apparently no result and was free of contributory willful and wanton misconduct.

The circumstances presented here are substantially similar to the above cited cases where the jury was allowed to determine whether the passenger's conduct constituted contributory willful and wanton misconduct.

In our case, the questions of whether plaintiff's voluntary participation in drinking with the defendant precludes her recovery and whether plaintiff recklessly subjected herself to the perils of riding with the defendant are both questions of fact for the jury to determine. In addition, there are questions presented for the jury as to whether plaintiff, as the owner-passenger, was a voluntary participant in the drag race with the defendant, and whether, indeed, her action of warning the defendant to "slow down" while the other passengers urged him to "Come on, Secretariat," constituted contributory willful and wanton misconduct on plaintiff's part. These were all questions that should have been determined by the jury and were determined in plaintiff's favor.

■■ Plaintiff contends that the trial judge improperly granted defendant's post-trial motion for judgment notwithstanding the verdict and substituted his judgment for that of the jury. It is clear that the jury's resolution of disputed facts may not be set aside by the trial court because it believes a different result is more reasonable. (*Guthrie v. Van Hyfte* (1966), 36 Ill. 2d 252, 222 N.E.2d 492.) Our duty is to determine whether all of the evidence of this case, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favors the defendant that no contrary verdict based on this evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504; *Hamas v. Payne* (1969), 107 Ill. App. 2d 316, 246 N.E.2d 1.) Upon our review of the totality of evidence in this case, we cannot say that such a result is mandated by these facts. Therefore, we reverse the trial court's entry of judgment notwithstanding the verdict in favor of defendant.

■■ This court does not intend by this opinion to condone the activities of the participants on the night in question. However, we believe that there was sufficient evidence for the jury to conclude that the defendant was guilty of willful and wanton misconduct and that plaintiff was free of contributory willful and wanton misconduct. The jury could conclude that defendant's conduct in drag racing with a van full of people, switching lanes while driving at a speed in excess of the speed limit, and driving under the influence of alcohol showed an utter disregard for the safety of others and constituted willful and wanton misconduct. The jury could also conclude that the defendant did convince the plaintiff he could "handle it" and was in proper condition to

drive, even though she knew he was under the influence of alcohol. The jury could further conclude that plaintiff attempted, as best she could, to stop his reckless conduct of drag racing by warning him to "slown down," while the other passengers were encouraging him to "Come on, Secretariat." Thus, the jury could conclude that the total evidence did not demonstrate that plaintiff's conduct exhibited a reckless disregard for her own safety or the safety of others by allowing herself to be a passenger in her own van, where the driver was under the influence of alcohol. Therefore, the evidence clearly does not compel a finding in defendant's favor that plaintiff was guilty of contributory willful and wanton misconduct.

■■ The trial court not only entered judgment notwithstanding the jury verdict for defendant, but also entered an order granting defendant's motion for a new trial. It is the duty of this court, if it determines that the unconditional rulings were erroneous, which we have so determined, to review and determine the conditional ruling. (Ill. Rev. Stat. 1973, ch. 110, par. 68.1(6).) A trial judge may not set aside a jury verdict simply because he believes a different conclusion may be more reasonable. (*Guthrie v. Van Hyfte* (1966), 36 Ill. 2d 252, 222 N.E.2d 492.) We have already determined that the jury's verdict was not against the manifest weight of the evidence. Therefore, it was error for the trial court to grant defendant's motion for a new trial. *Bank of Marion v. Robert "Chick" Fritz, Inc.* (1974), 57 Ill. 2d 120, 311 N.E.2d 138.

For the reasons stated, the judgment of the circuit court is reversed and the cause is remanded to the circuit court of Winnebago County with instructions to reinstate the verdict for $35,000 in favor of the plaintiff.

Judgment reversed and remanded with instructions.

SEIDENFELD, P. J., and WOODWARD, J., concur.