SHIRLEY M. GULLBERG *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* RONALD L. BLUE, Defendant-Appellee and Cross-Appellant.

Third District  No. 79-64

Opinion filed June 25, 1980.

Phillip F. Maher, of Chicago, and Bufford W. Hottle, Jr., of Monmouth, for appellants.

Howard L. Snowden, of Keefe, Snowden, Gorman & Brennan, of Quincy, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal arises from an automobile accident in which the car of the defendant Blue struck the rear of the car owned by the plaintiff William K. Gullberg and in which his wife Shirley was a passenger. The Gullberg vehicle was being operated by Ken Gullberg. After trial by jury in the circuit court of McDonough County a verdict was returned in favor of the defendant and against both plaintiffs. The trial court granted a post-

trial motion of the plaintiff William K. Gullberg and entered judgment in his favor in the sum of $1,514.29 for property damage to his vehicle. The trial court denied a post-trial motion of the plaintiff Shirley Gullberg in which she sought judgment notwithstanding the verdict as to liability and a new trial as to damages. The trial court also denied her post-trial motion, which sought a new trial as to all issues. The plaintiff Shirley Gullberg appeals from these rulings, and the defendant Blue cross appeals from the trial court's award of property damages to William Gullberg.

As we address the issues as to whether the trial court's rulings on post-trial motions were correct, we will set forth evidence adduced during the trial as it becomes pertinent.

We first direct our attention to whether it was error for the trial court to grant judgment to the plaintiff William Gullberg for property damage to his automobile notwithstanding the verdict of the jury. The cardinal rule to be followed in determining the correctness of a judgment *n.o.v.* (*non obstante veredicto* is set forth in the case of *Pedrick*, which stated:

> "* * * In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, 513, 514.

■▌ With the rule of *Pedrick* serving as a guide, we examine the evidence, which discloses that the collision in question occurred on December 4, 1973, on Route 67, a two-lane highway in McDonough County. It occurred when visibility was good, even though a slight rain was falling and the pavement was wet. The Gullberg vehicle was stopped on the highway because an accident had occurred some distance ahead of it. While stopped the hazard lights of the vehicle were blinking. The defendant Blue, age 16, was following the Gullberg vehicle, driving 45 miles per hour in a 65-miles-per-hour zone. The evidence is conflicting as to how far away the defendant was when he first saw or could have seen the Gullberg vehicle. A State trooper who investigated the accident and attempted to reconstruct the collision and events leading to it testified that the defendant could have seen the stopped Gullberg automobile when he was 600 feet from it. The defendant testified that he applied the brakes on his vehicle when he was 150 feet behind the Gullberg car but could not stop in time to prevent the collision. The defendant was issued a traffic ticket for the offense of driving too fast for conditions. To this charge he pleaded guilty and paid a fine. As to this traffic violation, we do not consider that standing alone it is sufficient to establish negligence and thereby liability. See *Harrison v. Pullens* (1967), 83 Ill. App. 2d 245, 227 N.E.2d 550.

The evidence establishes a factual situation which is not complex. It was stipulated by the parties that there was no issue of contributory negligence in the case which distinguishes it from cases cited and relied upon by the defendant, to-wit, *Prange v. Wallenburg* (1975), 27 Ill. App. 3d 618, 327 N.E.2d 450, and *Nacvich v. Downing* (1977), 50 Ill. App. 3d 935, 365 N.E.2d 1343.

■■ The jury concluded that the defendant was not negligent; however, such a conclusion cannot stand, for based upon his own testimony the defendant did not apply his brakes until it was too late to bring his own vehicle under control. The evidence fails to disclose any intervening parties, events or factors which would support a finding that the defendant was not the proximate cause of the collision. A· driver approaching from the rear has a duty to keep a safe lookout and must take into consideration the fact that he may be required to stop or slow his vehicle suddenly. Failure to maintain a safe lookout for traffic ahead constitutes negligence on the part of a driver. See *Burroughs v. McGinness* (1978), 63 Ill. App. 3d 664, 380 N.E.2d 37.

The defendant argues that the motion of the plaintiff William Gullberg for judgment *n.o.v.* should not have been granted because trial judges may not substitute their judgment for that of the jury as to the credibility of witnesses. We are aware of the oft-repeated rule that a jury verdict is to be given great weight; nevertheless, when a jury verdict is returned which is not supported by the evidence, it is the duty of the trial court or the reviewing court to act as a check upon the jury and reverse that verdict. See *Burroughs v. McGinness* (1978), 63 Ill. App. 3d 664, 380 N.E.2d 37; *Thomas v. Lynch* (1978), 59 Ill. App. 3d 542, 375 N.E.2d 859.

■■ The evidence before the trial court, when viewed in its aspects most favorable to the opponent, so overwhelmingly favors movant as to fall within the rule of *Pedrick*, and the judgment *n.o.v.* for property damages was correctly entered for the plaintiff William Gullberg.

■■ Even though a determination has been made that the collision was caused by negligence of the defendant, we nevertheless conclude that the trial court correctly denied the plaintiff Shirley Gullberg's post-trial motion for judgment *n.o.v.* as to liability and a new trial as to damages, or in the alternative a new trial as to all issues.

This conclusion is reached after examining the complaint of the plaintiff Shirley Gullberg and the evidence adduced at the trial. The complaint alleges that as the result of the accident she received injuries to her back and neck. This allegation was not proved at the trial. The evidence disclosed that Mrs. Gullberg, seven days after the collision, was examined by Dr. Lindo. It was the testimony of Lindo that he found nothing wrong with her spine, but that he did refer her to Mayo Clinic where she had previously been operated on for a spinal fusion. X rays

taken of Mrs. Gullberg's spine on January 28, 1974, showed no injury. The evidence deposition of Dr. Linscheid, an orthopedic surgeon at Mayo Clinic, was placed into evidence by the plaintiff Shirley Gullberg. In this deposition it was the doctor's testimony that X rays taken subsequent to the accident showed that the spinal fusion performed some years prior to the accident was still intact. It was the further testimony of the doctor that Mrs. Gullberg for some years prior to the accident had a degenerative and/or congenital spinal condition. The term "degenerative" was defined as being a condition where there would be a gradual loss of function of a joint due to wear and tear changes. The term "congenital" was explained as being a condition where a person was born with a weakness in the spinal area and such condition was not caused by any outside force. The deposition totally failed to connect or relate Mrs. Gullberg's spinal problems with the accident.

The only evidence received at the trial that Mrs. Gullberg received an injury resulting from the accident was that of Dr. Koert Smith, who first examined her approximately three years after the collision.

Based upon medical testimony of such conflicting nature, it was not unreasonable for the jury to conclude that Mrs. Gullberg was not injured as the result of the accident in question.

■■ Mrs. Gullberg further contends that the trial court committed error in refusing to give certain instructions tendered by her. The instructions which she tendered and the trial court refused to give to the jury related to the accident being the cause of aggravating a pre-existing injury. Mrs. Gullberg made no allegations in her complaint as to the accident causing an aggravation of a pre-existing spinal problem or injury. There was no evidence introduced at the trial to support such a claim or theory, and therefore we do not deem it to be error for the trial court to refuse instructions relating to such a claim or theory.

■■ Mrs. Gullberg argues that it was inconsistent for the trial court to enter a judgment *n.o.v.* against the defendant for property damage yet deny her motion for judgment *n.o.v.* as to liability and a new trial as to damages or a new trial as to all issues. We fail to see the inconsistency, since the accident was caused by the defendant's negligence and Mr. Gullberg suffered damage to his automobile. The evidence clearly supported such a finding, yet it failed to support a finding that the accident, though caused by the defendant's negligence, was the cause of Mrs. Gullberg's spinal problems.

For the reasons set forth, the judgments of the circuit court of McDonough County are affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.