SYLVIA McCRORY HICKOX, Plaintiff-Appellant, *v.* JERRY W. ERWIN, Defendant-Appellee.

Fifth District   No. 80-285

Opinion filed October 13, 1981.

Robin Todd, of Flora, for appellant.

James B. Moses, of Smith, McCollum, Riggle & Moses, of Flora, for appellee.

Mr. JUSTICE WELCH delivered the opinion of the court:

The plaintiff brought suit in the Circuit Court of Richland County to recover damages for personal injuries allegedly resulting from an auto accident involving the defendant. A jury found for the defendant and the trial court entered judgment on that verdict. The plaintiff appeals from that judgment and argues that (1) the jury's verdict was against the manifest weight of the evidence, (2) an instruction was improperly given to the jury over plaintiff's objection, and (3) the trial court unduly restricted plaintiff's cross-examination of a defense witness.

At about noon on October 14, 1972, an automobile driven by the plaintiff, Sylvia Hickox, was travelling east on U.S. Highway 50, followed by a pickup truck operated by the defendant, Jerry Erwin. Both parties were the sole occupants of their respective vehicles. Erwin had driven behind Hickox since both had left Clay City, Illinois. Each was heading for Olney. It was a "drizzly" afternoon, according to Erwin, and the roads were wet, but the weather did not affect visibility. Erwin and Hickox

were travelling at 45 or 50 miles per hour; Erwin remained between 150 and 200 feet behind Hickox.

Approximately three miles after the vehicles had passed the intersection at Noble, Illinois, both drivers noticed a disabled vehicle facing north in a long driveway which ran perpendicular to U.S. 50. The hood on that car was open and two people were standing near the car. At this location, U.S. 50 is a two-lane highway bounded by farmland and occasional houses which are set several hundred feet from the highway. There are no traffic lights, stop signs, major intersections, or obstructions to vision in the immediate vicinity of the driveway.

Erwin saw the disabled vehicle at a distance of 200 or 300 yards. He did not recognize it or the people standing with it. Hickox testified that when she was within "4 or 5 semi-tractor-and-trailer lengths" of the car, she realized that it belonged to her friend, Mona Powell. As soon as she made this recognition, Hickox stated, she started to slow by applying her brakes and she activated her left-turn signal. Neither Powell nor Erwin, both of whom said that they were observing the Hickox auto, remembered seeing a turn signal.

As soon as he saw the brake lights on the Hickox car, Erwin testified, he hit his brakes. Erwin saw those brake lights come on approximately 60 feet west of the driveway occupied by the disabled car, and not 4 or 5 truck lengths away. Erwin pumped his brakes thrice, and did not keep them depressed because his truck slid to the side during braking, due to the wet pavement, as he stated. Erwin realized that he could not stop in time, so he let up on the brakes and tried to swerve to the right of Mrs. Hickox' car. He was unsuccessful, and instead, the left front of the Erwin truck struck the right rear of the Hickox auto at 15 or 20 miles per hour. Both vehicles moved forward and to the right, in a southeasterly direction, approximately 15 or 20 feet before coming to a halt 20 feet from each other. It is not known whether the Hickox vehicle was stopped when it was hit. The collision left no skid marks on the pavement, but the parties agreed that the impact took place about 20 feet west of the intersection of the driveway and U.S. 50.

In addition to testifying that she did not see a turn signal on the Hickox auto, Mona Powell also stated that, before the impact, the driver's window on Mrs. Hickox' car was rolled down, and Mrs. Hickox called out to her. Mona Powell waved her on, for she did not need assistance. At trial, Mrs. Hickox testified that she did not communicate with Mona Powell until after the impact.

The defendant was issued a traffic citation for failure to reduce speed to avoid an accident, in violation of section 11—601(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—601(a)). He entered a plea of guilty to this charge and paid a $15 fine.

■■ It is first argued by the plaintiff that the jury's decision that the defendant is not liable to her is against the manifest weight of this evidence. In order to establish that she was entitled to a directed verdict in her favor, the plaintiff must show that, viewing the evidence most favorably to the defendant, the evidence so overwhelmingly favors the plaintiff that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

The view of the accident offered by the plaintiff is quite consistent with the version given by the defendant and Mona Powell. In fact, we note only two discrepancies between the two sides—namely, whether the plaintiff had her left-turn signal on, and whether she called out to Mona Powell before the collision. Otherwise, it is undisputed that Erwin was following Mrs. Hickox at 45 or 50 miles per hour at a distance of 150 or 200 feet. Both drivers saw the Powell car, and Mrs. Hickox applied her brakes when she was at least 200 feet away. Erwin first noticed the brake lights when he was 60 feet from the Powell car. He applied his brakes three times, but still collided with the plaintiff's vehicle.

■■ A driver who follows another vehicle has a duty to maintain sufficient distance behind the preceding vehicle in order to stop or slow his vehicle suddenly, if necessary. (*Burroughs v. McGinness* (1978), 63 Ill. App. 3d 664, 380 N.E.2d 37; *Apato v. Be Mac Transport Co.* (1972), 7 Ill. App. 3d 1099, 288 N.E.2d 683; Ill. Rev. Stat. 1979, ch. 95½, par. 11—601(a).) He must also maintain a safe lookout for traffic ahead. *Burroughs v. McGinness*; *Gullberg v. Blue* (1980), 85 Ill. App. 3d 389, 406 N.E.2d 927; *Polkey v. Phillips* (1980), 86 Ill. App. 3d 677, 408 N.E.2d 348.

The plaintiff points to this court's opinion in *Burroughs v. McGinness* to suggest that the conduct of the defendant violated these principles and constituted negligence. In *Burroughs*, the defendant testified that he had noticed the plaintiff's car from nearly one-half mile away. From that distance, he claimed, he could not tell if it was moving. The plaintiff's car was in the right hand lane of a four-lane road, travelling at 8 or 10 miles per hour while in the process of making a right turn into a shopping center behind another car. The defendant, who was following at approximately 35 miles per hour, did not begin to brake until 50 to 75 feet from plaintiff's car, and, being unable to stop, struck the rear end of that car. This court, in reversing the jury's verdict for the defendant, found "abundant evidence" in the record to establish the defendant's negligence.

The case is extremely similar to *Burroughs* in many respects. In both cases, the defendant was aware of the plaintiff's car ahead, but did not brake until about 60 feet away. It was controverted whether plaintiff's turn signal was on, in *Burroughs* and here. Both defendants were familiar

with the vicinity of the accidents, and it was raining in both incidents, although it was dark in *Burroughs*.

We are of the opinion that the plaintiff's case here is somewhat stronger than that presented in *Burroughs*. Here, the accident took place in mid-day and the plaintiff applied her brakes long before the driveway, while in *Burroughs*, the setting was night, and the plaintiff was moving forward, and not braking, when struck by the defendant. Moreover, Erwin was cited for, and entered a plea of guilty to, failure to reduce speed to avoid an accident. While this traffic violation, by itself, is insufficient to establish defendant's negligence (*Gullberg v. Blue*), it is still some evidence of negligence. *Doris v. Bradley* (1979), 76 Ill. App. 3d 890, 395 N.E.2d 636.

■■ All of the circumstances presented in this record show that defendant Erwin did indeed fail to keep a proper lookout for the car in front of him. Under the authority of *Burroughs*, there is abundant evidence to establish defendant's negligence as the proximate cause of plaintiff's injuries, if the plaintiff is shown to have been free of contributory negligence.

The defendant urges that the record proves that the plaintiff was contributorily negligent in making a sudden stop on the highway without giving sufficient warning, and by failing to use her left-turn signal. At trial, he offered a pattern jury instruction which incorporates these arguments. It was given over plaintiff's objection, and, in effect, states that a motorist may not stop, decrease speed or turn unless an appropriate signal is given to the following driver, and that a turn signal must be given 100 feet before turning in a business or residential district and 200 feet if not in such a district. Illinois Pattern Jury Instructions, Civil, No. 60.01 (2d ed. 1971).

There is no evidence in the record to support the inference that the plaintiff came to a sudden stop. All signs point to the conclusion that she began to slow her car a considerable distance away from the driveway, and the absence of skid marks on the road bolsters that conclusion. The plaintiff was thus not contributorily negligent in any way by braking too quickly.

The trial evidence is not conclusive on the presence or absence of a turn signal. However, the argument that this specific omission establishes contributory negligence in a rear-end collision was addressed by this court in *Burroughs*. There, in the collision described above, it was held that even if the lack of a turn signal might be considered the "failure to exercise ordinary care," it was not a proximate cause of the collision precisely because it cannot be said that the accident would not have occurred if the plaintiff had used his turn signal. (See also *Zaeh v. Huenke* (1979), 70 Ill. App. 3d 39, 388 N.E.2d 434.) That conclusion is even more

evident in this case, as the plaintiff gave the defendant ample warning of her intent to stop or turn by applying her brake lights. It is difficult to see how a turn signal would have added to that warning. We adopt the holding of *Burroughs* on this issue, that the plaintiff's failure to use a turn signal did not show that she was contributorily negligent, for that omission was not a proximate cause of the accident.

■■ As the defendant's negligence was the proximate cause of plaintiff's injuries, and as the plaintiff was not contributorily negligent, we reverse the judgment of the Circuit Court of Richland County which found for the defendant. Although not strictly necessary to our decision, we hold that in the absence of any evidence on the plaintiff's contributory negligence, it was error to submit defendant's instructions on contributory negligence, over plaintiff's objections. We do not decide whether the trial court *improperly restricted plaintiff's cross-examination of a defense witness.* This cause is remanded with directions to enter judgment for the plaintiff and to hold a new trial on the issue of plaintiff's damages only.

Reversed and remanded.

KASSERMAN, P. J., and KARNS, J., concur.