# Illinois Official Reports

## Appellate Court

---

### *Wiggins v. Bonsack*, 2014 IL App (5th) 130123

---

| | |
|---|---|
| Appellate Court Caption | TABITHA WIGGINS, Plaintiff-Appellant, v. SHEILA BONSACK, Defendant-Appellee. |
| District & No. | Fifth District<br>Docket No. 5-13-0123 |
| Filed | August 26, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a vehicular collision at an intersection where defendant was attempting to exit a gas station and cross two lanes of southbound traffic to turn left and head north and defendant was struck by plaintiff's southbound car when she pulled out of the gas station after a truck stopped for a traffic light in the southbound traffic and created a gap and waved defendant to proceed, the general verdict for defendant was reversed and the cause was remanded with directions to enter a judgment for plaintiff and to hold a new trial on damages only, since defendant was clearly negligent in proceeding to make the left turn on the basis of the truck driver's wave without being able to see plaintiff's vehicle, and in the absence of any medical evidence from defendant rebutting the testimony of plaintiff's chiropractor, it would be difficult to draw the inference that plaintiff suffered no injury. |
| Decision Under Review | Appeal from the Circuit Court of Franklin County, No. 10-L-58; the Hon. Robert W. Lewis, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Matthew H. Caraway, of Sam C. Mitchell & Associates, of West
Frankfort, for appellant.

Leslie B. Shinners and Mark R. Kurz, both of Boyle Brasher LLC, of
Belleville, for appellee.

Panel

JUSTICE GOLDENHERSH delivered the judgment of the court, with
opinion.
Justices Chapman and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff, Tabitha Wiggins, appeals from a judgment of the circuit court of Franklin County
in favor of defendant, Sheila A. Bonsack, entered after a jury returned a general verdict in favor
of defendant in an automobile accident case. The issues on appeal are: (1) whether plaintiff
was entitled to a judgment notwithstanding the verdict (judgment *n.o.v.*), (2) whether the
verdict in favor of defendant was against the manifest weight of the evidence, and (3) whether
defense counsel's comments during his opening statement denied plaintiff a fair trial. For the
following reasons, we reverse and remand for entry of judgment in favor of plaintiff on the
issue of liability and a new trial on the issue of damages only.

¶ 2                                                        FACTS

¶ 3        Plaintiff and defendant were involved in a two-car traffic accident near the intersection of
Logan Street and Route 149 in West Frankfort. The intersection is a four-way intersection with
traffic control devices in each direction. Logan Street runs north-south and intersects with
Route 149, which runs east-west. At the place where the accident occurred, Logan Street has
five lanes of traffic, two southbound lanes, two northbound lanes, and a turn lane for traffic to
turn east onto Route 149.

¶ 4        Defendant stopped to get gas after work and was attempting to exit Podge's Service Station
located near the intersection by turning left out of Podge's parking lot to travel north on Logan
Street. In order to turn left onto northbound Logan, it was necessary for defendant to cross two
lanes of southbound traffic. Due to heavy traffic at the time, defendant sat for two to three
minutes waiting for a break in traffic in order to exit. According to defendant, an unidentified
man in a red truck came to a stop in the southbound lane closest to Podge's and left a gap
between his truck and the two cars in front of him that were stopped at the red light at the
intersection. The driver of the red truck waved defendant through. Defendant proceeded
slowly, but plaintiff's car crashed into the front of defendant's car.

¶ 5        Plaintiff was 15 years old when the accident occurred and was driving on a permit.
Plaintiff's mother was in the passenger seat. Plaintiff was approaching the traffic light at the
intersection previously described. The light was red in her direction. Plaintiff was applying her
brakes when defendant's car came out into her lane, causing the vehicles to collide. Plaintiff
testified that when the accident occurred, she "was going the speed limit or under 'cause it was

a stoplight." She estimated she was going 20 miles per hour or less. Plaintiff was driving a Jeep Cherokee, which was equipped with airbags. The airbags did not deploy as a result of the accident. The right front panel of plaintiff's vehicle hit the left front quarter panel of defendant's car.

¶ 6 Plaintiff saw the driver of the red truck making a waving gesture immediately before impact. She said she noticed the wave and then the crash was "very, very fast. Like, almost instantly." Plaintiff testified she never saw defendant's car before impact, so there was nothing she could do to avoid the crash. When the crash occurred, plaintiff "went forward and, like, backward really fast." Plaintiff said the impact was hard. Plaintiff testified that the driver of the red truck was at fault for the accident for waving defendant into traffic, but it was also defendant's fault for trusting the driver of the red truck and not relying on her own instincts.

¶ 7 Defendant testified that the red truck was blocking her vision, so she could not see into plaintiff's lane, but she nevertheless tried to turn based upon the waving gesture of the driver of the red truck. She estimated she was going between 5 and 10 miles per hour when the collision occurred. Defendant did not see plaintiff's car before the crash. Defendant agreed it was a "hard impact." Defendant's car had to be towed from the scene. Defendant admitted she had "no clue" who was driving the red truck or whether or not he was a safe driver. She said, "I *** put my trust into somebody else that waved me out into traffic." Defendant believed the driver of the red truck caused the accident, but also thought "all three," the driver of the red truck, plaintiff, and defendant, were somewhat at fault. Defendant explained as follows:

> "We've got someone that's waving out. You've got me, that I actually took, you know, someone−trusted somebody to say that it was all clear. And you've got someone else that's coming up on a red light, that's supposed to be braking already. And if she was braking or slowing down for this red light, maybe she wouldn't hit me so hard. She wouldn't have been going so fast. Who knows? There's [*sic*] so many possibilities as to what could have happened or what somebody should have done. You never know."

Defendant admitted that in hindsight she wished she would have just ignored the man in the red truck. Defendant initially testified that she thought plaintiff could have done something to prevent the accident, but later admitted that because she never saw plaintiff prior to impact, she has no clue what plaintiff could have done. Defendant also admitted she did not think plaintiff did anything to cause the accident.

¶ 8 Clint Willis, a police officer, testified that he responded to the scene of the accident. Defendant told him the accident occurred when she was coming out of the gas station and traffic was stopped at the stoplight when the driver of a vehicle closest to her waved her through to cross the lanes of traffic. Officer Willis testified he was aware of the rule of the road that a driver about to enter or cross a highway from a private drive or alley has the duty to yield right-of-way to all vehicles approaching on the highway to be entered.

¶ 9 Plaintiff refused treatment at the scene. She later started experiencing sharp pains in her neck, headaches, and lower back pain. Ultimately, she sought treatment with Dr. Kent Herron, a chiropractor in West Frankfort. Her first treatment with Dr. Herron was on February 29, 2008. Plaintiff testified she started experiencing pain prior to that date, but did not immediately seek treatment, but waited "until it [the pain] got worse." The headaches she experienced were "way worse" than a regular headache and over-the-counter medication did not give her relief. She participated in numerous athletic events and team sports, including volleyball. Plaintiff

was a setter, so looking up for the ball really bothered her neck. Plaintiff initially self-treated by taking naps and applying ice.

¶ 10    Dr. Herron testified that plaintiff's complaints and medical findings, including decreased range of motion in her cervical spine and lumbar spine, tenderness to touch, and spasms, were consistent with the history of the collision provided by plaintiff. Dr. Herron diagnosed plaintiff with cervical whiplash with a lumbar sprain/strain and opined that plaintiff's injuries were caused by the collision. Dr. Herron treated plaintiff 70 times between February 2008 and June 2010, when he discharged plaintiff and found her to be at maximum medical improvement.

¶ 11    Dr. Herron opined plaintiff would continue to have intermittent periods of pain and discomfort due to the injuries she sustained in the accident. Dr. Herron further testified that it was normal for people, especially young people, to wait months before seeking medical treatment due to their misguided belief that the pain would simply go away. Dr. Herron testified that plaintiff seemed like the type of young girl who tried to tough through the pain.

¶ 12    Defendant offered no medical testimony. There was no evidence that plaintiff suffered prior neck or back pain or suffered from headaches. At the close of all the evidence, the trial court directed a verdict for plaintiff, finding defendant negligently operated her car at the time of the crash and that defendant's negligence was a cause of the crash, but denied plaintiff's motion for a directed verdict on liability. In light of the directed verdict, the trial court refused to instruct the jury on defendant's defense that the unknown man in the red truck was the sole proximate cause of the collision. The trial court did, however, instruct the jury on defendant's other affirmative defense, contributory negligence. Defendant asserted that plaintiff was contributorily negligent in failing to operate her vehicle at a safe speed and in failing to slow or stop her vehicle upon recognizing that the driver of another vehicle had signaled that it was safe to come out into the roadway. The trial court also instructed the jury on proximate cause and damages.

¶ 13    The jury returned a general verdict in favor of defendant. Plaintiff moved for a judgment *n.o.v.* or, in the alternative, a new trial. The trial court denied plaintiff's motion and entered judgment in favor of defendant. Plaintiff now appeals.

¶ 14                                    ISSUES

¶ 15    The first issue raised on appeal is whether plaintiff was entitled to a judgment *n.o.v.* Plaintiff argues that judgment should be entered finding defendant liable because the evidence when viewed in the light most favorable to defendant so overwhelmingly favors plaintiff that the verdict for defendant cannot stand. We agree.

¶ 16    A trial court should enter a directed verdict or a judgment *n.o.v.* in cases in which all of the evidence, when viewed in the light most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict based upon the evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14 (1967). We review *de novo* a trial court's decision on a motion for a judgment *n.o.v. McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 132, 720 N.E.2d 242, 257 (1999). In the instant case, we agree with plaintiff that the evidence, when viewed in the light most favorable to defendant, so overwhelmingly favors plaintiff that the jury's verdict in favor of defendant simply cannot stand.

¶ 17    The record shows the accident occurred when defendant was attempting to make a left turn out of a gas station at a busy intersection. In order to do so, she was required to cross two lanes of traffic headed in the opposite direction. The parties agree that a man in a red truck made a waving motion. Defendant testified she assumed the man was indicating that it was safe for her to make a left-hand turn; however, she admitted she could not see the lane next to the red truck and never saw plaintiff's car prior to impact. While defendant thought the man in the red truck was mainly at fault, she admitted that she was also at fault for trusting the man in the red truck to tell her it was clear to go even though she could not see into the lane of oncoming southbound traffic in which plaintiff was traveling. Furthermore, defendant admitted that plaintiff did nothing to cause the collision.

¶ 18    While defendant testified she thought plaintiff might have been able to prevent or avoid the accident by going slower or braking earlier, there is nothing in the record to support this assertion. The police officer who responded to the scene testified that in Illinois when a driver is about to enter a roadway from a private drive or alley that driver has a duty to yield the right-of-way to vehicles already traveling on the roadway. Thus, defendant had a duty to yield the right-of-way, which she failed to do. Despite the fact that her vision was blocked, defendant pulled out into the lane of traffic in which plaintiff was traveling.

¶ 19    Plaintiff testified there was a red light at the intersection ahead for which she was braking and she was going 20 miles per hour or less. There is absolutely no evidence in the record to indicate plaintiff was speeding. While plaintiff did see the driver of the red truck make a waving gesture with his hand, the impact between her car and defendant's car happened almost simultaneously with the waving gesture; there was no time for plaintiff to come to a complete stop. Furthermore, plaintiff was not even sure the waving gesture was meant to direct a car into the lane of traffic into which plaintiff was traveling. Finally, because plaintiff was already braking for the red light ahead, defendant's assertion that plaintiff should have somehow been able to slow down or fully brake in order to avoid the accident fails, especially in light of the fact that plaintiff did not even see defendant's car until impact.

¶ 20    The trial court entered a directed verdict specifically finding defendant at fault. Defendant insists that there is sufficient evidence in the record to show that plaintiff was contributorily negligent and, therefore, the trial court was correct in instructing the jury on contributory negligence and the defense verdict must stand. However, as discussed above, the record lacks any credible evidence to show that plaintiff was in any way at fault or negligent for the accident. Defendant's speculation to the contrary has no factual basis and is contrary to her own testimony in which she admitted that she never even saw plaintiff's car until impact. With no evidence that plaintiff was contributorily negligent, the trial court erred in giving defendant's proferred contributory negligence instruction.

¶ 21    Jury instructions are meant to provide jurors with accurate principles of law applicable to the evidence which has been submitted to them, and an instruction is only justified if it is supported by some evidence in the record. *Gaines v. Townsend*, 244 Ill. App. 3d 569, 576, 613 N.E.2d 796, 801 (1993). In the absence of any evidence of a plaintiff's contributory negligence, it is error to submit a defendant's instructions on contributory negligence over plaintiff's objections. *Hickox v. Erwin*, 101 Ill. App. 3d 585, 590, 428 N.E.2d 520, 524 (1981). Accordingly, it was error for the trial court to give a contributory negligence instruction here.

¶ 22    In this case, however, the jury rendered a general verdict. When a jury enters a general verdict for defendant, we do not know on what basis it made its findings. *Maple v. Gustafson*,

151 Ill. 2d 445, 449, 603 N.E.2d 508, 510 (1992). We do not know whether the jury entered the verdict in favor of defendant due to a mistaken belief that plaintiff was contributorily negligent, because it found no causal connection between plaintiff's alleged injuries and the accident, or because it found plaintiff suffered no damages as a result of the accident. Plaintiff contends the evidence at trial overwhelmingly establishes plaintiff was injured in the collision and a contrary verdict could never stand.

¶ 23 On the other hand, defendant argues that the evidence did not establish plaintiff was injured in the collision and, thus, the jury properly ruled for defendant. Defendant asserts she was not required to present her own medical testimony, but properly discredited plaintiff and her chiropractor on cross-examination. Given the delay in symptoms and an 87-day delay in treatment, defendant insists that plaintiff is not entitled to either a judgment *n.o.v.* or a new trial.

¶ 24 The instant case is similar to *Hickox*, in which the plaintiff, the driver of a car, brought suit to recover damages for personal injuries allegedly resulting from her vehicle's being struck from behind by a truck driven by the defendant. On review, a panel from this court found abundant evidence to establish the defendant's negligence as the proximate cause of the plaintiff's injuries and no evidence of contributory negligence; thus, the case was remanded with directions to enter judgment in favor of the plaintiff and to hold a new trial on the issue of the plaintiff's damages only. *Hickox*, 101 Ill. App. 3d at 590, 428 N.E.2d at 524. Given the general verdict rendered in the instant case, we believe the outcome in *Hickox* is also appropriate here.

¶ 25 Whom to believe and the weight to be given all of the evidence are matters for the trier of fact, and its decisions should not be disturbed on review unless manifestly erroneous. *Maple*, 151 Ill. 2d at 460, 603 N.E.2d at 515. If the trial court, in the exercise of its discretion, finds the verdict is against the manifest weight of the evidence, it should grant a new trial. On the other hand, where there is sufficient evidence to support the verdict of the jury, it is an abuse of discretion for the trial court to grant a motion for a new trial. *Maple*, 151 Ill. 2d at 456, 603 N.E.2d at 513.

¶ 26 Here, plaintiff offered the testimony of her chiropractor, who testified that her injuries were consistent with the type of accident she described and that her delay in treatment was not unusual given her tender years and her belief the symptoms would disappear. Defendant offered no medical evidence to the contrary. Given the evidence, it is difficult to imagine how the inference could be drawn that plaintiff did not actually suffer any injury due to defendant's negligence, but it may be possible the jury did not find the chiropractor credible or plaintiff credible, especially in light of plaintiff's 87-day delay in treatment, her statements immediately after the accident that she was not hurt, and her continuation in numerous sports-related activities following the accident.

¶ 27 However, because the record before us is clear that defendant's negligence was the proximate cause of the accident and plaintiff was not contributorily negligent, the instant case must be reversed and remanded with directions to enter judgment in favor of plaintiff on the issue of liability and to hold a new trial on the issue of plaintiff's damages only. Due to our determination on the first two issues raised by plaintiff, we need not address the final issue raised in this appeal concerning the prejudicial impact of comments made by defense counsel during opening statements.

## CONCLUSION

For the foregoing reasons, we hereby reverse the judgment of the circuit court of Franklin County and remand with directions to enter judgment in favor of plaintiff and to hold a new trial on the issue of plaintiff's damages.

Reversed and remanded with directions.